ELIZABETH O. GARRETT v. ABRAM TROTTER and JEREMIAH
FIELDS.

Whether in a complaint for the recovery of realty, it is sufficient to allege
  that the defendants are in possession of the *locus in quo*, and withhold
  the possession thereof from plaintiff. *Quere?*
Assuming that the complaint is defective, advantage ought to have been
  taken thereof in " apt time," and it cannot be considered " apt time,"
  to have filed an answer to the merits, and make the objection at the
  trial term.
Such a complaint is sufficient, and the defect, if any, is aided by the de-
  fendants' answer, which shows that they understood the complaint to
  charge *an illegal* withholding of the possession.
The doctrine of *aider*, express or implied, and the principles applicable to
  defective pleading discussed and explained. *Love* v. *Commissioners of
  Chatham*, 64 N. C. 706, cited and approved.

Action for the recovery of realty, tried before *Tourgee, J.*, at
Fall Term, 1870, of GUILFORD Superior Court.

The plaintiff alleges in her complaint, that she is seized for
life of certain premises, describing them with sufficient cer-
tainty.

In article II of the complaint, she alleges that the defendants
are in possession thereof and withhold the same from her.
Then she demands judgment for the possession of the premises,
and for one hundred dollars as damages sustained, &c.

The defendants in their answer admit that the plaintiff is the
owner of the *locus in quo*, but "deny they withhold the
same illegally." They also aver that they are entitled to the
land for three years commencing in January, 1868, by virtue
of a lease made to the defendant Fields by the plaintiff. The
pleadings were filed at Spring Term, 1869.

When the cause was reached for trial, and before the jury
were empanelled, the defendants objected to the hearing of any
testimony on behalf of the plaintiff against the defendants, be-
cause said complaint omitted to set forth, " that the defendants

were wrongfully and unlawfully in possession of the premises described in the complaint, and wrongfully and unlawfully withheld the same from the plaintiff."

The said objection being considered by the Court, it was ordered that said action be dismissed. Judgment and appeal.

*Dillard & Gilmer* and *Mendenhall*, for plaintiff.
*Scott & Scott* and *Ball & Keogh*, for defendants.

PEARSON, C. J. It appears by the record, that the controversy between the parties is in regard to a lease for a term of three years, which the defendants allege the plaintiff made to Fields.

This allegation is denied by the plaintiff, issue is joined and comes on for trial; but a motion is made by the counsel of the defendants *in medias res*, and the action is dismissed, without the merits of the case being touched.

The first reflection suggested by this state of facts must be under a Code of Civil Procedure, professing its main object to be, to have every case decided "upon the merits," and to this end abolishing the distinction between actions at law and suits in equity, and all the forms of such actions and suits, C. C. P., sec. 112; abolishing all the forms of pleading heretofore existing, sec. 91; declaring no variance shall be deemed material, unless it has actually misled the adverse party in maintaining the merits on his side, sec. 128; and allowing amendments on a scale so liberal that it may well be said "any thing may be amended at any time;" for, before or after judgment, the pleading, process or judgment may be amended by "inserting other allegations material to the case," and by "conforming the pleading or proceeding to the facts proved," sec. 131, 132. How does it happen that a case could thus go off, without touching merits?

There is error on the grounds:

1. The complaint alleges that the defendants are in posses-

sion of the land, and withhold the same to her damage, one hundred dollars.

The answer admits that the defendants are in possession of the land, but deny that they withhold the same from the plaintiff, illegally, as is alleged in the complaint; and then avers the fact of a lease by her for a term of three years, which is unexpired.

Admit that the complaint is defective in this, it does not allege in so many words that the defendants illegally and wrongfully withhold the possession from the plaintiff; although as the the C. C. P. requires a statement of facts to be "plain and concise, without unnecessary repetition," section 13 ; and a statement in " ordinary and concise language, without repetition," section 100 ; it might well be questioned whether the complaint be defective in this particular. But supposing it to be so, the defect is aided by the answer, which shows that defendants understood the complaint to charge an illegal withholding of the possession.

" A defect in pleading is aided, if the adverse party plead over to, or answer the defective pleading in such a manner, that an omission or informality therein is expressly or impliedly supplied or rendered formal or intelligible."

The following are a few instances of an express aider : In an action of debt on a bond, when the declaration specified no place at which the bond was made, it was held that a plea of duress, " apud B.," supplied the omission in the declaration, as such a plea contained a distinct admission that the bond was made at the place where the duress was. In an action for slander, when the declaration averred that the plaintiff was foresworn, without saying how, it was determined that this defect was aided by a plea of justification, which alleges that the plaintiff, who was stated in the declaration to be a constable, had taken a false oath at the sessions. And again in an action of trespass for taking a book, when the plaintiff omitted to state that it was his book, or that it was in his possession, and the defendant in his plea, justified the taking the book out of the

plaintiff's hand; the Court held, on motion in arrest, that "the omission in the declaration was supplied by the plea." 1 Chitty Plead. 671. Our case furnishes another apt illustration of the principle of aider, by admissions express or implied in pleading over. It was said the Code of Civil Procedure no where adopts the doctrine of "aider," by admissions in pleading over. The principle commends itself so strongly by its good sense, that it must be taken to underlie every system of procedure, professing to aim at the furtherance of justice, and to put controversies upon their merits, and not allow actions to go off upon subtleties and refinements.

We have seen also that the Code of Civil Procedure is much more liberal in its provisions to meet the merits of controversies, than the system of procedure in England, even after the statutes of *jeofails* and *amendments*, and the statute, 4 Anne, requiring all defects in form to be specially assigned as cause of demurrer; and it may be added, that in regard to demurrers, the C. C. P. improves upon the statute of Anne, and requires every demurrer, whether for substance or form, to specify distinctly the ground of objection to the complaint, sec. 96; *Love* v. *Comm'rs of Chatham,* 64 N. C. 706. When there is a defect in substance as an omission of a material allegation in the complaint, it is a defective statement of the cause of action; and the demurrer must specify it, to the end that it may be amended by making the allegation. And when there is a statement of a defective cause of action, the demurrer must specify, to the end that as there is no help for it, the plaintiff may stop his proceeding without a further useless incurring of costs. The distinction between a defective statement of a cause of action, and a statement of a defective title or cause of action, is made, 1 Chitty Plead. 681, and may be illustrated by two instances:

1. The complaint alleges that the defendant, as constable, collected money for the plaintiff, and failed to pay it over; omitting to allege a demand. Here is a defective statement of

a cause of action.   The complaint alleges that the plaintiff is assignee of a reversion after a term of years; that at the time of the assignment there was rent arrear due by the defendant, the lessee, for years, and the plaintiff demands this rent arrear. Here is a statement of a defective title or cause of action. The distinction is a clear one, and leads to important differences.

2. It is a rule in every system of procedure; "good matter must be taken advantage of, in due form, apt time and proper order." Had the supposed defect, in omitting to allege that the withholding of possession was illegal, been set out as ground of demurrer, the plaintiff could have amended; or if it had been taken in arrest of judgment, after verdict, the plaintiff could have amended *ore tenus*, or availed himself of the principle, that certain defects of substance, as well as form, are cured by verdict.   This is a well settled principle.   It is thus stated by Sergeant Williams in his notes to Saunders' Reports, 1 vol. 228, note 1.   "When there is any defect or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer; yet if the issue joined be such, as necessarily required on the trial proof of the facts so defectively stated or omitted, and without which it is not to be presumed, that, either the judge would direct the jury to give or the jury would have given the verdict : such defect, imperfection or omission is cured by the verdict, by the common law, or in the phrase often used upon the occasion, such defect is not any *jeofail* after verdict."

In our case, the objection was not taken in apt time, or in proper order ; but in the midst of the trial, all evidence on the part of the plaintiff is ruled out, and her action dismissed, thus depriving her of the benefit of the principle, of certain defects being cured by verdict, if it applied to the case ; and at all events depriving her, of the right to amend *ore tenus*, " by inserting other allegations material to the case," and by " conforming the pleading or proceeding to the facts proved," C. C.

P. sec. 131, 132. This irregularity furnishes a second ground upon which the plaintiff is entitled to have the judgment set aside, and a *venire de novo* awarded.

It was said upon the argument; the C. C. P. prescribes no order or time for taking objections, and reliance was put upon sec. 99 : " If no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court; and the objection that the complaint does not state facts sufficient to constitute a cause of action."

The counsel for the defendant, and his Honor, fell into error, by not adverting to the distinction above referred to, between a defective statement of a cause of action, and a statement of a defective cause of action. There is a like distinction between a defect of jurisdiction in respect to the subject of the action, and a want of jurisdiction in respect to the person : for illustration : Action in a Superior Court upon a note for less than $200; here there is a defect of jurisdiction in respect to the subject of the action; it cannot be helped by waiver, consent, amendment or otherwise, and the sooner the proceeding is stopped, the better: Action in the County of Orange, against the Charlotte & Columbia R. R. Co.; here is a want of jurisdiction in respect to the person, which may be waived by consent, or by making full defence or pleading by an Attorney of the Court.

If at any time it appear that the Court has no jurisdiction of the action, or that the plaintiff has no cause of action, the Court may stop the proceedings and dismiss the action, for it is idle to go further; but when the objection grows out of a defective statement of the cause of action, the Court cannot stop in the midst of the trial of an issue and dismiss the action; for, the plaintiff is thereby deprived of the advantage of having the defect or omission in the statement of his cause of action cured by verdict, which is a principle of the common law, and does not depend upon a provision of the C. C. P., provided the case falls

within the application of the principle; and at all events he is deprived of the privilege of amending, secured to him by the C. C. P., by having the pleadings and proceedings made to conform to the facts proved, which of course he cannot avail himself of, should the testimony be all ruled out, and the action abruptly terminated, instead of proceeding in the trial of the issue, and hearing the evidence which the parties have come prepared to offer. After verdict, the defendant may make the objection by motion in arrest.

Judgment reversed.

PER CURIAM.                                   *Venire de novo.*