A. J. WILSON v. J. C. SYKES and James Austin.

*Pleading—Practice—Fraud.*

Complaint states that sheriff sold plaintiff's land under execution; the sale being by the acre, a survey was made to ascertain the number of acres; the purchaser and surveyor conspired to defraud and did defraud the plaintiff by reporting to the sheriff that the tract contained 550 acres, whereas by the actual survey there were 700 acres ; the sale was made, purchase money paid, and deed executed to purchaser upon that false basis ; *Held,* to be a good cause of action against the purchaser and surveyor, and that plaintiff was entitled to relief in an independent suit and not by motion in the cause. *Held also,* that to dismiss plaintiff's action after answer filed by the defendant, on the ground that the complaint did not state facts sufficient to constitute a cause of action is contrary to the course of the courts. Such objection should be taken by demurrer.

(*Smith* v. *Moore,* 79 N. C., 82; *Walton* v. *Walton,* 80 N. C., 26, cited and approved.)

CIVIL ACTION for damages tried at Fall Term, 1880, of MECKLENBURG Superior Court, before *Seymour, J.*

In his complaint the plaintiff states his case to be as follows: That the sheriff of his county having an execution against him sold his land, and the defendant, Sykes, became the purchaser; and the sale being by the acre, it became necessary to have a survey in order to ascertain the exact number of acres, which survey the sheriff and purchaser employed the defendant, Austin, to make; that the defendants, the one being the purchaser, and the other the surveyor, conspired to defraud the plaintiff, and in pursuance thereof, after surveying the land and ascertaining that it contained seven hundred acres, they reported to the sheriff that it contained only five hundred and fifty acres, and procured a deed from him, by paying for the land at that rate, whereby the plaintiff was damaged to the amount of six hundred dollars, for which sum he demands judgment.

The defendant, Sykes, answered, admitting the sale by the sheriff, and the purchase by himself, and denying all the other allegations in the plaintiff's complaint. The defendant, Austin, filed no answer.

When the cause was called for trial and before a jury were impanelled, the defendant moved the court to dismiss the plaintiff's action, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and His Honor, being of that opinion, allowed the motion, and the plaintiff appealed.

*Mr. W. H. Bailey,* for plaintiff.
*Messrs. Wilson & Son,* for defendants.

RUFFIN, J. This court has in several instances spoken of this summary way of disposing of cases as being irregular, and have intimated the opinion that good pleading required that such objections should be taken by demurrer, and that

the defect in the complaint, if merely formal, was waived by an answer to the merits. Still, if His Honor were of the opinion that the defect was not in the manner of stating his case but in the plaintiff's cause of action itself, so that however it might be developed by the proofs, or aided by amendment, it could not be maintained, he did well to economize the time of his court by dismissing it.

If such was His Honor's view of the plaintiff's cause of action, we cannot concur therein. To us it seems clear that he has been damaged, provided the allegations of his complaint are true, and for the purpose of this motion, we must assume them to be true.

If the amount paid the sheriff, estimating the land at five hundred and fifty acres, was sufficient to satisfy the execution under which he sold, then the plaintiff would have been entitled to have the proceeds of the other hundred and fifty acres. Or supposing that the execution was sufficient to absorb the whole purchase money, estimating the land truly at seven hundred acres, then, he was entitled to have his indebtedness reduced to the full amount. In one way or the other he has been injured, and that by the conduct of the defendants, and it cannot be, that he can get no relief in a court, clothed, as was the court below, with the double power of a court of law and a court of equity.

The defendant's counsel took the position here, that it was proper to have dismissed the plaintiff's action, because he might have had relief by a motion in the cause in which the execution against him had issued, and therefore, should not have brought an independent action. Suppose we concede that the plaintiff was at fault in this particular, still the question recurs, was not this also waived by an answer to the merits? We understand the rule to be, that whenever the court has a general jurisdiction of the subject matter of an action, but lacks it in some particular case, because of some exceptional matter, such, for instance, as the pen-

dency of a former suit, then such matter should be pleaded specially, or else it is deemed to be waived. *Smith* v. *Moore*, 79 N. C., 82; *Walton* v. *Walton*, 80 N. C., 26.

But apart from mere matter of pleading, it does not appear to us that the plaintiff could have had, by a motion in the original cause, the relief he seeks in his present action. Here, he seeks compensation for an injury arising out of the fraud and covin of the defendants, and the most that he could obtain by a motion in the cause, would have been to have the sheriff's return corrected.

Holding that there was no inherent defect in the plaintiff's cause of action, and that any formal defect in the statement of it in his complaint was waived by the answer of the defendant, and that it was too late on the trial to raise the question of the pendency of another action, the court is of the opinion that it was error in the court below to dismiss the plaintiff's action.

Error.                                    Reversed.