L. E. JOHNSON v. JOHN W. FINCH.

*Malicious Prosecution—Pleading—Aider—Amendment.*

1. In an action for having the defendant arrested maliciously and without probable cause, the complaint should allege that the action in which the arrest was made has been terminated.

2. Where it appears in the complaint that a cause of action is alleged, although imperfectly and defectively, the defect is waived unless pointed out by demurrer.

3. Where the facts set out in the complaint fail to show any cause of action, the objection can be taken at any time, and no averments in the answer will cure it, for a plaintiff cannot abandon the allegations of the complaint, and rely upon the facts set out in the answer.

4. Where the facts stated in the complaint do not wholly fail to state a cause of action, but some material allegation is omitted, and the answer sets out facts from which the Court can see that a sufficient cause of action appears in the record to warrant the judgment, the defect in the complaint is aided by the answer.

5. An amendment in order to insert omitted allegations may be allowed, even after a demurrer to the complaint for the defect has been sustained.

(*Howell* v. *Edwards*, 8 Ired., 516; *Hewitt* v. *Wooten*, 7 Jones, 182; *Hatch* v. *Cohen*, 83 N. C., 602; *Love* v. *The Commissioners*, 64 N. C., 706; *Tucker* v. *Baker*, 86 N. C., 1; *Garrett* v. *Trotter*, 65 N. C., 430; *Pearce* v. *Mason*, 78 N. C., 37; *Wilson* v. *Sykes*, 84 N. C., 215; *Halstead* v. *Mullen*, decided at this term; *Rand* v. *The Bank*, 77 N. C., 152; *Grant* v. *Burgwyn*, 88 N. C, 95; *McLaurin* v. *Crowly*, 90 N. C., 50, cited and approved).

CIVIL ACTION, tried at September Term, 1885, of DAVIDSON Superior Court, before *Montgomery, Judge.*

The complaint alleged in substance that on or about the 18th day of July, 1883, the defendant maliciously intending to injure the plaintiff, and falsely pretending that he, the defendant, held a certain debt against the plaintiff, which was due and unpaid, at a time when plaintiff was upon the eve of removing with his family to another State, wilfully and maliciously caused to be issued a certain order of arrest, and caused the plaintiff to be arrested.

That plaintiff at the time of the suing out of said order of arrest against him, owed defendant nothing, but was by said order of arrest forced unjustly to pay the defendant money.

That portion of the answer material to an understanding of the opinion was as follows: This defendant, for further answer to the allegations contained in paragraph 1st of said complaint, says that a short time before the plaintiff was about leaving the State, he was informed by his attorney that there was a docketed judgment pending in the Superior Court of Davidson county in favor of defendant against the plaintiff for about ...... dollars and costs, and that his said attorney got a copy of said judgment signed by the Clerk of the said Superior Court of Davidson county, and that upon said docketed judgment there was no entry of an assignment to any one or that the same was satisfied, and this defendant *bona fide* supposing that said judgment was still due and owing to him by plaintiff, had process duly taken out and served on plaintiff for his arrest, as he was then about leaving the State with the view of changing his residence and acquiring citizenship elsewhere, and that in pursuing the said course he acted *bona fide* and not maliciously, but solely with the view of securing the payment of the judgment due to him as he then supposed; that the defendant was not under arrest for longer than one hour, when he was released and discharged, and that the morning after plaintiff's arrest, the defendant ascertained that he had seven or eight years prior to said arrest, assigned said judgment to John H. Welborn; that said assignment did not appear on the docketed judgment referred to, on the said docket of the Superior Court of Davidson county, and that defendant was misled thereby, and by the writing of the Clerk of the Superior Court of Davidson, that said judgment was still due plaintiff and unpaid, and plaintiff further says that he had forgotten that he had transferred said judgment to John H. Welborn, and in all that defendant did in regard to said arrest, he was actuated by no malice nor from a wanton disposition to injure the plaintiff in any way, but that he acted *bona fide*, and upon

reasonable cause as he is advised and believes, and without the slightest disposition on his part to injure in the least the plaintiff, and defendant says that the said arrest caused no injury to the plaintiff, occasioned no loss, expense or inconvenience to the plaintiff, and that plaintiff is entitled to no damages; and

2nd. For a further defence, this defendant says that he has tendered to plaintiff full compensation as required under the provisions of law for any inconvenience and expense the plaintiff may in any way have sustained, including the costs of this case occasioned by the honest mistake of defendant.

When the case was called for trial, and after the jury had been impanelled, the defendant's counsel moved the Court to dismiss the action upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

His Honor dismissed the action, and the plaintiff appealed.

No counsel for the plaintiff.
*Mr. M. H. Pinnix*, for the defendant.

MERRIMON, J.   The plaintiff brought this action to recover damages from the defendant for maliciously and without probable cause, having him arrested under a warrant of arrest granted by a justice of the peace in a civil action, wherein the present plaintiff was defendant, and the present defendant was plaintiff.

The complaint is not only very informal, but it is defective in respect to a matter of substance.   It fails to allege in terms or in effect, that the action in which the warrant of arrest was granted was terminated before this action was begun.   It is necessary that such allegation should be made in alleging such a cause of action.   *Howell* v. *Edwards,,* 8 Ired., 516; *Hewitt* v. *Wooten,* 7 Jones, 182; *Hatch* v. *Cohen,* 84 N. C., 602.

It is to be observed that the facts stated in the complaint do not wholly fail to disclose a cause of action—indeed, they informally constitute a good one, except in the respect mentioned above. The case is therefore quite different from one in which the facts

stated, wholly fail to state or constitute a cause of action. In the latter case, the plaintiff cannot maintain his action at all—he states no cause of action, either perfectly or imperfectly, defectively, or otherwise; there is nothing alleged of which the Court can take jurisdiction, and touching which a judgment or relief can be granted, and therefore, the defendant may demur, or at any time, even in this Court, move to dismiss the action. It is, therefore, that The Code, after prescribing specifically in §239, sundry causes for which the defendant may demur to the complaint, further prescribes in §242 that "if no such objection be taken by *demurrer or answer*, the defendant shall be deemed to have waived the same, *excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute cause of action.*" As to the two exceptions thus specified, there can be no waiver, and in these respects objections may be made at any time. In such cases there is an absence of jurisdiction, or an absence of anything to which the jurisdiction of the Court can attach. *Love* v. *Commissioners*, 64 N. C., 706; *Tucker* v. *Baker*, 86 N. C., 1.

But it is otherwise, when it appears in the complaint that a cause of action is alleged, though imperfectly or defectively, in one or more respects. Regularly, such defect ought as soon as discovered to be corrected by amendment, whether or not objection on that account be taken in any way by the defendant, and after demurrer sustained, as well as after the answer has been filed; otherwise, when the defect is in respect to a matter material that must be alleged; it will be fatal on the trial, or a motion in arrest of judgment, except in the cases when such defect shall, as above indicated, be waived by failing to demur, or take the objection in the answer. Generally, however, if the defendant shall allege or admit in his answer the material matter or facts omitted in the complaint, this will aid the complaint and cure the defective statement of the cause of action. This is so, because it will thus appear in, and the Court can see from, the pleadings, that a sufficient cause of action is presented in the record to warrant a

proper judgment, and as well, because the defendant admits, not necessarily the cause of action, but does admit the matter or facts omitted from the complaint.   *Garrett* v. *Trotter*, 65 N. C., 430; *Pearce* v. *Mason*, 78 N. C., 37; *Wilson* v. *Sykes*, 84 N. C., 215; *Halstead* v. *Mullen*, decided at this term.

It may be added, that if the defendant fails to take advantage of formal defects in apt time, the answer will be treated as a waiver thereof.   *Wilson* v. *Sykes, supra.*

By what has been said, it is not to be understood that statements and omissions of facts by the defendant in his answer, can aid a defective statement of a cause of action in the complaint, however defective.   The nature and purpose of the action must appear in the complaint itself—only defects of statements, omissions of minor matters—of something in detail and essential in completeness—can be cured by the answer in the way indicated.

Much less can the answer supply the plaintiff with a cause of action.   Hence, Chief Justice PEARSON said, in *Rand* v. *The Bank*, 77 N. C., 152 : "The plaintiffs cannot abandon the averments of the complaint and fall back upon a collateral statement of facts set out in the answer," and this was afterwards approved in *Grant* v. *Burgwyn*, 88 N. C., 95, and *McLaurin* v. *Cronly*, 90 N. C., 50.   The plaintiff must allege a cause of action, such as the Court can see in the pleadings, to be admitted in the answer, or proven on the trial.

The answer of the defendant in this case, as was admitted on the argument, was very informal, and was incautiously prepared. But, it in effect admits, that the action in which the warrant of arrest was granted was terminated before this action was brought. It states in terms that the defendant, (the present plaintiff,) was not under arrest for longer than one hour, when he was released and discharged; and, after much cumulative explanation, the defendant admits in the answer that he had no cause of action against the plaintiff, that he brought the action by inadvertence and mistake, and he tenders compensation for any inconvenience the plaintiff may have sustained, including costs, &c.

14

The spirit and drift of the answer amount to an admission that the defendant's action against the plaintiff, including the warrant of arrest, was unfounded—that he had abandoned it, and it was terminated at once, upon his discovery of the error into which he had fallen by inadvertence and mistake. It must be taken that he admitted that the action was ended before the present one was begun. He thus aided the complaint and cured the defect in the statement of the cause of action therein alleged.

The Court below ought not, therefore, to have dismissed the action, but on the contrary, ought to have proceeded to try it upon its merits.

There is error. The judgment must be reversed, and further proceeding had in the action according to law. To that end, let this opinion be certified to the Superior Court of Davidson county.

Error.                                                    Reversed.