J. L. WIGGINS v. J. M. KIRKPATRICK et al.

*Pleadings—Issues Raised by Pleadings.*

1. Where plaintiff, being granted leave to amend his complaint and to reply to the answer and to answer the counter-claim which the latter set up, embodied an amendment to the complaint, a reply and an answer to the counter-claim in a pleading, and the defendant filed no other answer, but an issue was raised by the pleadings, it was error to refuse to submit the issue for the consideration of the jury.

2. In an action on a note the answer averred that if the note was received at all by plaintiff it was "received coupled with and subject to all the equities" between defendant and the payee, and pleaded a counter-claim on account of defective title to the land for which

the note was given; and the amended complaint denied the averment as to the defective title of the land: *Held*, that issues were raised by the pleadings which ought to have been submitted to the jury.

CIVIL ACTION, heard by *Bryan, J.*, at Fall Term, 1893, of LENOIR Superior Court.

The action was upon promissory notes, and defendant, in his answer, averred that the notes were given for the purchase of land which the payee had contracted to convey but had no title thereto. The answer further said that the plaintiff (if he ever received the notes) took the same from the payee "coupled with all the equities between the defendant and the payee," and set up a counter-claim of $200 on account of such defective title. The plaintiff, in the seventh paragraph of his amended complaint as an action to foreclose the bond for title, making new parties, alleged that that part of defendant's answer alleging a defect of title "is not true and the alleged facts in said answer called a counter-claim are not true." No demurrer, plea or answer was filed to the amended complaint, but defendant relied upon the original answer and demanded a trial by jury on the counter-claim. On reading the pleadings the Court gave judgment for the plaintiff, and defendants appealed.

*Mr. W. T. Faircloth*, for plaintiff.
*Mr. H. E. Shaw*, for defendants (appellants).

AVERY, J.: Judgment was rendered in favor of the plaintiff on the pleadings for the reason that the defendants had filed "no demurrer, plea or answer" to the "amended complaint." While the method of pleading adopted in this case is not to be commended to the profession for imitation, it must, under the liberal system inaugurated by *The Code*, be tolerated at least. The Court had ordered "that the

WIGGINS *v.* KIRKPATRICK.

plaintiff be allowed to amend his complaint and to reply to the answer of the present defendant, J. M. Kirkpatrick, and to answer his counter-claim." Availing himself of the leave thus granted, the plaintiff proceeded to embody in one paper an amendment to his complaint (not an amended complaint) and a reply and answer to the defendant's counter-claim. If, construing together the original complaint, the answer, the amendment and reply, we find that an issue of fact was fairly raised, it was error to refuse to submit the case to a jury. The production of the note was only *prima facie* evidence of ownership, and if the presumption of an assignment for value and before maturity was raised by proof of possession it was not irrebuttable. The defendant, after averring in his answer that if the note had been received at all from Nettles, it "was received coupled with and subject to all equities between this defendant and W. M. Nettles," and pleading a counter-claim of two hundred dollars on account of the defective title to a portion of the land that was the consideration of the note, had a right, even upon this inartistically drawn answer, to demand that an issue involving the question whether the purchase was for value and before maturity be submitted to the jury. If the plaintiff took the note subject to the equities of the original obligor it must have been assigned after maturity, and under the liberal rules of pleading now adopted the language must be construed as tantamount to an averment that the transfer was so late as to subject the note in the hands of the assignee to such equitable defences as would not have been available against a purchaser for value before maturity. *Harris* v. *Sneeden,* 104 N. C., 369. In section seven of the amended pleading the plaintiff aided the original answer, if it was defective, by setting up in reply that the portion of it in which the defendant (in paragraph 3) alleged defect of title was "not true, and that

the alleged facts in his said answer, called a counter-claim," were "not true," and by thus raising more explicitly the issue whether there was a defect of title and whether that defence was available, under the circumstances, for the defendant. *Garrett* v. *Trotter*, 65 N. C., 430; *Knowles* v. *Railroad*, 102 N. C., 59; *Johnson* v. *Finch*, 93 N. C., 205.

We think that the answer. can be fairly interpreted as a denial that the note was assigned for value, and before maturity, and was not subject to any equities in favor of the maker, and we are of opinion also that a defect in the title is pleaded with sufficient clearness to be comprehended and to put the plaintiff on notice to prepare for the trial of the issues raised.

The Court erred, therefore, in giving judgment for want of an answer, or because "no issue of law or fact was raised by the pleadings." The defendant is entitled to a

New Trial.