# CHARLESTON.

BOGGESS *et al. v.* TAYLOR.

Submitted June 22, 1899—Decided December 2, 1899.

INSTRUCTION—*Reversal Verdict.*
> Whenever a correct instruction is refused, the judgment will be reversed, unless the appellate court can see from the whole record that, even under the instruction, a different verdict could not have been rightly found. (p. 258.)

Error to Circuit Court, Mingo County.
Action by Boggess, Darst & Boggess against G. W. Taylor. Judgment for defendant, and plaintiffs bring error.

*Affirmed.*

R. H. HOYLE, for plaintiffs in error.
H. K. SHUMATE, for defendant in error.

McWHORTER, JUDGE:

This is an action of *assumpsit*, by Boggess, Darst & Boggess against G. W. Taylor, in the circuit court of Mingo County, upon a note for two hundred and fifty dollars, made July 11, 1893, by said Taylor, payable three months after its date to the order of A. E. Kinnison at the

Bank of Williamson. Defendant pleaded nonassumpsit, and tendered a special plea in writing, averring that said note described in the declaration was obtained from the defendant by the payee, A. E. Kinnison, by fraud and circumvention,—that is to say, that said note was given by defendant for and in consideration that the said A. E. Kinnison would forthwith, or in ten days from the day on which said note was executed, deliver to the defendant, at the town of Matewan, a station on the Norfolk & Western Railroad, in said Mingo County, one saw mill, boiler, and fixtures thereto belonging of the value of two hundred and fifty dollars, and defendant trusting, believing, and confiding in the agreement, promises, and solemn declarations of said Kinnison, that he would so deliver the said sawmill, engine, boiler, and fixtures at the time promised, he executed the said writing; that said Kinnison did not comply with and fulfill his solemn promises and agreements in delivering the said sawmill, engine, boiler, and fixtures at the time agreed upon, nor at any other time, though often requested so to do, and that said Kinnison has not to this day delivered the said sawmill, engine, boiler, and fixtures, or any part thereof. And, further, that said note sued upon in said declaration was assigned to plaintiffs by Kinnison on the 16th of May, 1896, more than two years after the maturity of the note; that at the time of said assignment said note was not a negotiable note, and is, therefore, subject to all the equities that ever existed between the said defendant and Kinnison; and denied that the note was assigned to plaintiffs before its maturity, as alleged in the declaration,—to the filing of which plea plaintiffs objected. The objection was overruled, and plea filed, and plaintiffs replied generally to same. On the 8th of January, 1898, a jury was duly impaneled, and defendant asked leave to amend his special plea, which was granted. Defendant tendered his amended plea, to the filing of which plaintiffs objected, which objection was sustained, and the court refused to allow the same to be filed, to which ruling of the court defendant excepted. The jury, having heard the evidence and arguments of counsel, returned a verdict for the defendant. Plaintiffs moved the court to set aside the verdict as being contrary to the law and the evidence, which

motion the court overruled and rendered judgment on the verdict, to which rulings of the court plaintiffs excepted, and prayed that their exceptions be saved to them, which the order shows was done, and that five bills of exceptions, numbered one, two, three, four, and five, were signed, sealed, and made part of the record.

The first assignmennt of error is that the instrument sued upon is a negotiable note in the hands of a third party, a *bona fide* holder for value, before maturity; and the court allowed the defendant to plead failure of consideration or equitable offset, and upon that ground defeat the payment of the note. The plea is sufficient, as it avers that the note was assigned some two years after its maturity, and was taken subject to all the equities that ever existed between the maker and payee, and pleading failure of consideration. The plea raised an issue involving the question whether the purchase of the note was before maturity, which should be submitted to the jury. *Wiggins* v. *Kirkpatrick*, 114 N. C. 298, (19 S. E. 152). Appellant argues that the burden of proof is on the defendant to show that the note was transferred after maturity, or that the plaintiffs were not the bona fide holders for value; that the record is absolutely silent as to the date of transfer, and the evidence shows that it was made for a valuable consideration, which was proved by Kinnison, who was there the witness of defendant, and he will not be permitted to contradict him. True, it is only proven by Kinnison, but, according to the record, he was introduced twice in the trial as a witness, and both times by plaintiffs, and surely his interests are antagonistic to defendants.

Appellants cite *Organ Co.* v. *House*, 25 W. Va. 64, in support of their contention that the consideration was under a different contract than that contended for by defendant, and assume from the very circumstances of the case that this Court cannot fail to realize from the evidence that the immediate consideration of the note sued upon was the cancellation of an outstanding obligation of defendant, given or made in this same transaction, which is claimed in his evidence by Kinnison, but is denied by defendant, Taylor, and witness Tiller, who both positively state that the consideration was the promised shipment of boiler,

belting, smokestack, and fixtures. As to what the consideration was, was a question of fact or the jury.

Third. That the court erred in refusing to exclude the evidence on motion of plaintiffs, and direct a verdict for them, as set out in bill of exceptionss No. 3. The fact is, from Kinnison's own testimony it is quite evident that plaintiffs are not the bona fide holders of the note, sued on, but simply have it for collection for Kinnison, and the jury are justified in so finding. Kinnison, in a sort of equivocal way, says it belongs to the plaintiffs; that he assigned it to them without recourse, on their verbal promise to pay him the face value of the note, two hundred and fifty dollars. "Q. That is, when they collect it? Ans. No, sir; their promise to pay it. Q. They have never paid you anything for it? Ans. Nothing other than this promise. Q. Is that promise in writing? Ans. No, sir. Q. Their promise that, if they collect it, they were to pay you two hundred and fifty dollars? Ans. This is a collection agency, and this claim—I sold it to them outright, and assigned it to them for its face value, giving them the interest to collect it, without recourse. Q. You merely are giving them the interest to collect it? Ans. Yes, sir."

Fourth. The court erred in refusing to give the instruction asked for by plaintiffs as set out in bill of exceptions No. 2, which instruction is as follows: "The court instructs the jury that, if they believe from the evidence that A. E. Kinnison, representing Turley & Co., sold M. D. Tiller certain machinery, and that Tiller paid for it by giving drafts of the Little Kanawha Lumber Co., indorsed by the defendant G. W. Taylor, and that one of said drafts was afterwards protested, and that Kinnison was the legal holder of said draft, and that defendant took up same by giving his note for same, that they cannot take into consideration any failure to comply with the original contract with Tiller." While, in view of the evidence tending to show the taking up of the draft by defendant to be the direct or immediate consideration for the note sued upon, it might not have been error to give the instruction, yet it plainly appears from the whole record that, if it had been given, it could not have influenced the jury to render a different verdict. In *Davis* v. *Webb*, 46 W. Va. —, (33 S.

E. 97) (Syl., point 2): "Whenever a correct instruction is refused, the judgment will be reversed, unless the appellate court can see from the whole record that even under correct instructions a different verdict could not have been rightly found, or unless it is unable to perceive that the erroneous ruling of the court could not have influenced the jury." *Bank* v. *Waddill,* 27 Gratt. 451; *Nicholas* v. *Kershner,* 20 W. Va. 251.

The record shows that five bills of exceptions were signed, sealed, and made a part of the record, but only Nos. 1, 2 and 3 appear in the record. I see no reversible error in the judgment, and the same is affirmed.

*Affirmed.*