HITCH v. COMMISSIONERS OF EDGECOMBE COUNTY.

(Filed May 5, 1903.

1. PLEADINGS—*Complaint—Demurrer—Waiver.*

Where pleadings are not framed with technical accuracy or something is lacking to constitute a good statement of a cause of action, the defect is waived by pleading to the merits, or by not taking advantage of such defect in some proper way.

2. COUNTIES—*County Commissioners—Torts—Trespass.*

A county can not be sued for trespass upon land or for any other tort in the absence of statutory authority.

3. COUNTY COMMISSIONERS—*Counties—Trespass—Damages — Highways.*

If the commissioners of a county take land for a highway without authority of law they are liable therefor individually.

4. EMINENT DOMAIN—*Highways—Compensation—Damages—The Code, Sec. 2040.*

The owner of property must seek compensation for land taken for a highway in the manner pointed out by statute.

ACTION by Frank Hitch and others against the Commissioners of Edgecombe County, heard by Judge *Francis D. Winston,* at October Term, 1902, of the Superior Court of EDGECOMBE County.

It is only necessary, in order to understand the questions presented, that the second cause of action stated in the complaint and the demurrer thereto should be set out, as the first cause of action was abandoned in this court. They are as follows:

The plaintiff for a second cause of action alleges:

1. That the defendant entered upon and took possession of the said two parcels of land hereinbefore described.

2. That said tracts of land lie adjoining and contain about three-quarters of an acre; defendant dug up said land and took the earth therefrom, causing deep, dangerous and unsightly holes in it; the earth so removed was used in constructing an embankment about twenty-five feet wide at the top and about twelve to fifteen feet high on and across said land on which the defendant opened a highway; that said land is destroyed and rendered useless for any practical purpose by reason of the construction and presence of said highway.

3. That said plaintiffs are damaged by reason of the act of defendants as hereinbefore set out to the extent of $700. Wherefore plaintiffs demand judgment against defendants for $700 and costs. The defendant demurs to the second cause of action set out in the complaint for that the facts stated do not constitute a cause of action in that a trespass upon the lands in the complaint is alleged, for which trespass no statutory right of action exists. The court sustained the demurrer and the plaintiffs excepted and appealed.

*John L. Bridgers,* for the plaintiffs.
*Gilliam & Gilliam* and *Paul Jones,* for the defendants.

WALKER, J., after stating the case. This action was brought to recover damages for entering upon and injuring the plaintiffs' land. The complaint contained two causes of

action, to each of which the defendant demurred, but in the argument before us the plaintiff's counsel abandoned the first cause of action, so that we are confined, in the consideration of the case, to the sufficiency of the second cause of action.

The plaintiffs alleged an entry upon the land and it must be presumed that they intended to allege an unlawful or wrongful entry, otherwise they would not have been injured in a technical or legal sense. They further allege that they have been "damaged" by the entry and by the other acts committed by the defendants upon the premises. This word "damaged" is evidently intended to be used in the sense of the word "injured," which means in the law "the privation or violation of a right," something, in other words, for which an action will lie in behalf of the injured person. An actionable wrong, 3 Blk. Com., 2; Black's Dict., 624, *"Injuria."* Mr. Black says that an injury is "any wrong or damage done to another either in his person, rights, reputation or property." It seems, therefore, that under the second cause of action the plaintiffs, in an informal way, it may be admitted, allege an injury to their property rights, and the allegations will be deemed to constitute a cause of action for trespass, if no motion was made to make them more definite, or if they were not demurred to upon the ground of defectiveness of statement.

It is true the plaintiffs do not allege that the entry and other acts were unlawful or wrongful or in violation of their rights, but those or equivalent words are implied when the defendant either answers to the merits or fails to ask that the complaint be made more definite and certain, or to demur for defectiveness of statement. It is well settled that in a case where the pleading is not framed with technical accuracy or something is lacking to constitute a good statement of a cause of action, the defect is waived by pleading to the merits

or by not taking advantage of the defect in some proper way, and the defective pleading is aided and the necessary averments will be supplied by the law. This very question was decided in *Garrett v. Trotter,* 65 N. C., 430, which was an action to recover land. The plaintiff in that case failed to allege that the entry was unlawful or wrongful, and this court held that the defendant by answering or by not demurring, waived the defect, and under the doctrine of aider the plaintiff might proceed in the case as if the pleading had been correctly drawn. In the case at bar, the defendant did not by demurrer point out the defect, and, if the complaint is not sufficient in its present form, under the liberal provisions of our present system of pleading, to constitute a good statement of a cause of action for trespass, it has become so by reason of the aid derived from the defendant's pleading. It is to be observed that not only do the defendant's not take advantage of the supposed defect in the complaint, namely, that it is not alleged that the entry was unlawful or wrongful, but they expressly waived the defect, if there is any, and elected to treat the second cause of action in the complaint as one for trespass.

It comes, then, to this, that the plaintiff has sued the defendants in their corporate capacity for an unlawful entry and trespass upon their land, or rather upon the land of the plaintiff company, and demand that they recover damages for the same. The plaintiff either alleges a trespass in the second cause of action, or no cause of action at all is alleged. If the defendants entered unlawfully and wrongfully upon the land, it was a trespass; and if they entered lawfully, they are not liable to the plaintiff for any damages. If no cause of action is alleged the demurrer was properly sustained, and if the plaintiff alleges a cause of action for trespass the judgment of the court was also right, because this court has recently held that counties can not be sued for trespass upon

land or for the commission of any other *tort* in the absence of a statutory provision giving a right of action against them in such cases. This is no new principle, as will appear by reference to the cases cited in the opinion of this court. The reasons for the doctrine are therein fully and clearly set out and need not be repeated. *Jones v. Commissioners,* 130 N. C., 451.

The plaintiff does not allege that there has been any condemnation of the land for the purpose of constructing a public road and an assessment of damages, which by the statute (The Code, Sec. 2040) are made a County charge. If the County authorities have taken the land of the plaintiff company for public purposes, it should be compensated, but in the way pointed out by the law. If there has been a condemnation of the land, the plaintiff can recover the amount assessed in its favor and, if the defendants have entered upon the land without authority of law, the members of the Board are individually liable for their wrongful acts. In any view of the case, as now presented to us, we think the judge below was right in sustaining the demurrer.

*Per Curiam.*     No Error.

MONTGOMERY, J., concurring in result. It is difficult for me to understand from a reading of the complaint the grounds upon which the plaintiff relies to recover the judgment which he demands. Two causes of action are set forth. In the first, there are allegations that the plaintiff was the owner of two small tracts of land near Tarboro and that the chairman of the defendant Board of Commissioners inquired of the plaintiff if he would sell the same, and for what price; that the plaintiff answered the inquiry stating that $700 was the price asked for the land; that the defendant made no reply and not long thereafter they went upon the land and constructed a highway across and through it. There was

then a prayer that the defendants "comply with their said agreement as hereinbefore stated and pay said sum, which was refused," the plaintiff alleging at the same time that "he was ready, able and willing to convey a clear title for said land to the said defendants for the price named and agreed upon."

The second cause of action is stated in the following words: 1. That the said defendants entered upon and took possession of the said two parcels of land hereinbefore described and set out. 2. That said tracts of land lie adjoining and they contain about three-quarters of an acre; that said defendants dug up said land and took the earth therefrom, causing deep, dangerous and unsightly holes in it. The earth so removed was used in constructing an embankment about twenty-five feet wide at the top and about twelve to fifteen feet high, on and across said land, on which the defendant opened a highway; that said land is destroyed and rendered useless for any practical purpose by reason of the construction and presence of said highway.

There followed a prayer for damages for $700. The defendants demurred to both causes of action. The demurrers were sustained by the court below. There was no appeal from the judgment on the demurrer in the first cause of action.

The ground upon which the demurrer to the second cause of action was interposed was stated by the pleader to be that "the facts stated therein (the complaint) do not constitute a cause of action in that a trespass upon the lands described in the complaint is alleged, for which trespass no statutory right of action is alleged, or exists." It looks to us that the complaint does not contain an allegation of trespass upon the part of the defendants. The allegation is that they entered upon the land and built upon it a highway, that is, a public road. There is no allegation that they entered un-

lawfully upon the land and built and opened the highway. The County Commissioners of Edgecombe, under Chapter 50 of the first volume of The Code, were authorized to have laid out and constructed public roads and highways. The particular manner in which they should act is set forth in that Chapter of The Code. The allegation having been made in the complaint that the defendants had laid off a public road over the plaintiff's land the presumption would be that they proceeded according to law, that there was a petition for the laying off of the road, the appointment of commissioners for that purpose, the action of the commissioners, their report, and compensation ordered by the defendants. Such proceedings on the part of County Commissioners are entirely judicial, and there is a presumption that everything was done in an orderly and proper method.

As we have said, the complaint does not state that the defendants *unlawfully* entered the plaintiff's possessions and without authority of law condemned them to the public use; and it would indeed appear strange if such a thing should have been done. It seems to me, therefore, that it ought not to be concluded that the defendants have acted in such a manner without a direct allegation to that effect. It may be that condemnation of the plaintiff's land for public purposes has been made, and that the compensation fixed by the commissioners was not satisfactory to the plaintiff. If so relief can not be had in the present action. The demurrer may have been sustained on the wrong ground, but it can be seen from the complaint that the plaintiff has stated no cause of action and the same should be dismissed.