DONNIE RICKS v. MRS. R. U. BROOKS ET AL.

(Filed 18 February, 1920.)

1. **Fraud—Mortgages—Deeds and Conveyances—Burden of Proof—Evidence.**

    In a suit to remove a cloud upon the plaintiff's title, Revisal, sec. 1509, the defendant claimed under a sale by foreclosure of a mortgage which the plaintiff attacked for fraud. *Held,* the burden of proof was on the plaintiff to show the fraud by the preponderance of the evidence, and not by clear, strong and cogent proof as required in the reformation or correction of a conveyance of land.

2. **Same—Equity—Subrogation—Accounting.**

    Where the mortgagee has foreclosed under a power of sale in a valid mortgage and has conveyed the land in fraud of the mortgagor's rights

under an arrangement between the purchaser and himself, the purchaser is entitled only to be subrogated to the right of his grantor, which is to foreclose under the mortgage, and an accounting of the debt may be ordered by the Court, and, if the debt is not paid, with further appropriate relief for its payment.

**3. Mortgages—Deeds in Trust—Power of Sales—Time of Sale—Notice—Statutes.**

The time of sale of lands, under the power in a mortgage, must be in accordance with the notice thereof, as given or named in the advertisement and as required, so that there may be fair and competitive bidding, for otherwise the sale will be declared void, Revisal, sec. 641.

**4. Pleadings—Allegations—Cause of Action—Defective Statements.**

There is a difference observed between the statement in a complaint of a defective cause of action, and a defective statement of a good cause of action, for in the latter, if there is no request to have the pleadings made more certain or definite and no demurrer, the defective statement may be waived or cured by the answer.

**5. Same—Appeal and Error—Motions—Statutes.**

Pleadings should be liberally construed to determine their effect, and with a view to substantial justice between the parties, and when it appears on appeal from a motion to dismiss, on the ground of the insufficiency of the complaint to allege a cause of action, that merely a good cause has been defectively stated, the action will not be dismissed in the Supreme Court on motion made there, but if necessary, an amendment will be allowed to conform the pleadings to the facts proved, and the Court will disregard errors or defects in the pleadings, or proceedings in the Superior Court, which are immaterial and where no substantial rights of the appellant will be injuriously affected thereby. Revisal, sec. 407 and 509.

**6. Deeds and Conveyances—Chain of Title—Incapacity of Grantor—Mental Capacity.**

Where the title to land is involved, any deed in the adversary's chain may be attacked as invalid in law, for lack of capacity in the grantor to make it. *Mobley v. Griffin,* 104 N. C., 112, cited and approved.

CIVIL ACTION, tried before *Whedbee, J.,* and a jury, at May Term, 1919, of NASH.

This is an action, under the statute (Rev., 1509), to try and determine the title to land, or to remove a cloud from the title of plaintiff to an undivided interest in a certain tract of land, the defendants claiming the same by virtue of a foreclosure sale and deed, under a power contained in a mortgage deed, and *mesne* conveyances.

In 1905 Louis Ricks died seized and possessed of a tract of land in Nash County, containing 218 acres. In his will, duly probated, he devised this land to his wife, Lucinda Ricks, for life, with remainder to the plaintiff, and his brothers and sisters, one-ninth each.

In 1906 the plaintiff and four of his brothers each executed a mort-

gage and crop lien to the Brooks Mercantile Company, covering their respective interests in said tract of land.

In July, 1911, R. U. Brooks, president of Brooks Mercantile Company, acting in the name of the corporation which was then in process of dissolution, sold the land, under the power contained in the mortgages, and executed deeds to B. A. Brooks, his son and the attorney of the corporation, for plaintiff's interest in the land. The total consideration recited in the five deeds exceeded $1,500. At the same time B. A. Brooks reconveyed all five interests in one deed to R. U. Brooks, for a recited consideration of $1,000. No consideration was actually paid for the transfer, and the plaintiff was not credited with any of the proceeds of the sale.

The alleged foreclosure deed recited that sale of said premises was had on Monday, 12 March, 1907. The notice of sale published in the *Nashville Graphic* the week prior to the alleged sale, named 12 March as the sale date; the notice as to the sale of the interest of Jonas Ricks named Tuesday, 12 March, 1907, as the sale date; 12 March, 1907, was on Tuesday, and the sale was made on the preceding day, 11 March, 1907. There was no advertisement or notice of a sale on 11 March, which was Monday. All the conveyances are duly recorded, and are admitted to be regular in form, and sufficient to convey the premises in question.

R. U. Brooks devised the interest in the land acquired by him under these deeds to the defendants, his children and heirs at law, and the defendants, in their answer, set up and allege title under the foreclosure deeds, and the will.

The plaintiff, in 1918, brought this suit and filed his complaint, claiming that he was still the owner of the one-ninth interest in the lands, and that defendants were claiming some interest unknown to him in the same, which constituted a cloud upon his title, and asked to have the same removed. The defendants answered, admitting that plaintiff once owned a one-ninth interest in the lands, but that they, through *mesne* conveyances from the plaintiff himself, were now the owners of the interest which had formerly belonged to the plaintiff.

The cause was tried by the court and a jury, and plaintiff offered in evidence the will of his father conveying to him the land, and the admission in the answer that he did acquire said interest through his father's will, and rested. The defendants offered in evidence the mortgage from plaintiff to Brooks Mercantile Company, the foreclosure deed to B. A. Brooks, and the deed from B. A. Brooks to R. U. Brooks, and it was admitted that defendants are the devisees of R. U. Brooks. The court then held that this shifted the burden of proof to plaintiff to "show by the evidence, and the greater weight thereof, that the foreclosure deed, which is regular and valid upon its face, is in fact inoperative as a deed,

or is operative in law only as an equitable transfer of the mortgage, as he alleges same to be." The evidence offered by the plaintiff to show that said deed was inoperative was admitted, as shown by the exceptions, over defendant's objections.

The jury found that the deed from the Brooks Mercantile Company to B. A. Brooks, and from him to R. U. Brooks, are void as to plaintiff, and the court held that they constituted only an equitable assignment of the mortgage given by plaintiff to the Brooks Mercantile Company. It was thereupon adjudged that the debt due by plaintiff be ascertained, and that, if it is not paid, the plaintiff's interest in the land be sold for its payment, etc. Defendant excepted and appealed.

*F. S. Spruill and M. V. Barnhill for plaintiff.*
*E. B. Grantham and G. W. Taylor for defendants.*

WALKER, J., after stating the facts as above: We may as well state in the beginning that this is not an action for the correction of a deed, or for its reformation, and the doctrine as to the quantity of proof required in such a case does not apply, and the contention of the defendant, in this respect, cannot be sustained. In an action for reformation it must be alleged and shown, by evidence clear, strong, and convincing, that the instrument sought to be corrected failed to express the true agreement of the parties, because of a mistake common to both parties, or because of the mistake of one party induced by the fraud or inequitable conduct of the other party, and that by reason of ignorance, mistake, fraud, or undue advantage something material has been inserted, or omitted, contrary to such agreement and the intention of the parties. *Ray v. Patterson,* 170 N. C., 226; *Newton v. Clark,* 174 N. C., 393. But this rule does not apply where the purpose is not to reform, but to set aside the instrument for fraud, undue influence, or upon other equitable ground. *Poe v. Smith,* 172 N. C., 67, and *Boone v. Lee,* 175 N. C., 383, citing *Harding v. Long,* 103 N. C., 1, and other cases.

The plaintiff asserts that the whole transaction was but a fraudulent attempt to deprive him of his land, and not a genuine and *bona fide* effort to foreclose the mortgage by sale under the power in order to pay the debt secured thereby. The relief asked and given was that the deeds, as conveyance of his interest in the land, be set aside or annulled, agreeing though that they are valid for the purpose of transferring the interest of the Brooks Mercantile Company, as mortgagee, or to subrogate the grantees in their deed to its rights as such. This is all that was done, except that the court ordered an account to be taken of the debt, and if it is not paid, that further relief be granted for its payment. But these deeds are void as to plaintiff, except as passing the right of the Brooks

Mercantile Company, upon another ground, because it appears that the sale of the land was advertised to take place on Tuesday, 12 March, when in fact it was made on Monday, the 11th of that month. The sale that was advertised never did take place, while the one that was actually made was not advertised at all; or, to put it in another way, the advertised sale was abandoned by failing to make it on the day named, while there was no notice given as to the one made on Monday, 11 March. Both the mortgage in this case, and the statute, Rev., 641, contemplated necessarily that the sale be made on the day named in the advertisement, otherwise there might not be any competitive bidding.

The following was held to be the law in *Eubanks v. Becton,* 158 N. C., 231, as stated in the syllabus:

1. When a power of sale is given in a mortgage, a strict compliance with the terms on which it is to be exercised is necessary; and when it is prescribed that the notice of sale be posted at the courthouse door and four other public places, a sale thereunder is invalid if the notice is posted at the courthouse door and three other public places. The effect of Rev., 641, was not before the Court in this case, and it was not construed.

2. A purchaser at a sale of lands under a mortgage with power of sale is a purchaser with notice of the terms under which the power of sale, as therein expressed, must be exercised, and his deed is invalid when the terms of sale of the mortgage antedating Rev., 651, are not in strictness pursued.

3. In order to waive an irregularity in the exercise of the power of sale contained in a mortgage, it is necessary that the acts alleged to be a waiver be committed with the knowledge of the one who does them; and a mortgagor after an invalid sale for failure of the mortgagee to strictly observe the terms thereof, without knowledge of the irregularity, does not waive it by subsequently renting the lands from the purchaser.

4. A deed of mortgaged lands made to a purchaser at a foreclosure sale, which is inoperative, is valid only as an equitable assignment of the note and mortgage, and the mortgagor, nothing else appearing, is entitled to an accounting.

That case resembles this one in several of its features. See, also, *Mayers v. Carter,* 87 N. C., 146; Wiltsie on Mortgage Foreclosure, 1 Vol. (3 ed.), sec. 318. The mortgagee's deed recites the fact that the sale was made on Monday, and this accords with the proof in the case.

As to the position taken by the appellant that the complaint does not state a cause of action, upon which he bases a motion, in this Court, to dismiss the case, we are of the opinion that a cause of action is stated, though defectively. There is a wide difference between the statement of a defective cause of action, that is, when no cause of action is stated,

and the defective statement of a cause of action. *Johnson v. Finch,* 93 N. C., 205; *Wilson v. Sykes,* 84 N. C., 215. In the latter case, if there is no request to have the pleading made more certain or definite, and no demurrer, the defective statement is waived, and if an answer is filed, the defect in stating the cause of action may be aided thereby if sufficient matter appear therein for the purpose. *Garrett v. Trotter,* 65 N. C., 430. We cannot grant the motion to dismiss, but, if necessary, would allow plaintiff to amend so as to conform the pleading to the facts proved, as such would not change substantially the cause of action. Rev., 507. In proper cases, we may dismiss in this Court, but this is not a case which calls for the exercise of the power. "The court or judge thereof shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." 1 Pell's Revisal, sec. 509, and note, in which the cases are cited. Pleadings should be liberally construed for the purpose of determining their effect and with a view to substantial justice between the parties. Rev., 495; *Blackmore v. Winders,* 144 N. C., 212; *Brewer v. Wynne,* 154 N. C., 467; *Muse v. Motor Co.,* 175 N. C., 466.

It was competent for plaintiff to attack any deed in defendant's chain of title as invalid in law, because of want of capacity or power to make it. *Mobley v. Griffin,* 104 N. C., 112; *Jones v. Cohen,* 82 N. C., 75; *Fitzgerald v. Shelton,* 95 N. C., 519.

This case has been tried upon its merits, and the plaintiff has won upon the facts. Defendant showed by his answer that he understood the cause of action, and has actually supplied the omission, if any, in the complaint. If he found it too meager in its allegations he had a remedy by asking that it be made more definite and certain by amendment. Rev., 496; *Blackmore v. Winders, supra; Allen v. R. R.,* 120 N. C., 550; *Conley v. R. R.,* 109 N. C., 692; *Oyster v. Mining Co.,* 140 N. C., 138. Instead of availing himself of the several remedies above mentioned, the plaintiff trusted his case to the jury upon the issue, and having had a fair chance to present it, his motion does not commend itself to our favorable consideration. He still has the right to foreclose the mortgage, which has been allowed to him by the order of the court, and he must be content therewith.

We find no error in the case, and affirm the judgment.

No error.