Pearson, J.
 

 It is a well settled principle that one who obtains possession from another, cannot by any words or act in which the other does not join, make his possession adverse, for the purpose of taking advantage of the statute of limitations. Upon this principle, a particular tenant who holds over-after the expiration of his estate, is considered a
 
 a tencmt at sufferance,
 
 to prevent his possession from being adverse. So, one who enters under a contract of purchase, before obtaining a deed, cannot, by mere words, or a mere act of his own, make his possession adverse, because it is not consistent with good faith, and fair dealing.
 

 His Honor fell into error by a misapplication of the principle. Our case is not that of a vendee, who is
 
 let into possession
 
 before the execution of the deed for title, but of one who, as owner of the land, had been in possession before the execution of the deed, and thereafter, continues to hold possession until he executes a deed to a
 
 third person,
 
 who, under this deed, as color of title, holds possession for more than seven years. In respect to the possession of Sarah Wilkie, the vendor, under whom both parties claim, we are unable to see any principle of law which prevents it from being adverse to the lessor of the plaintiff. She was not his tenant for years — at will, or at sufferance; nor did she enter under, or obtain possession from him. As far as the case discloses, she continued in possession without any understanding, or permission, on the
 
 *439
 
 part of the plaintiff’s lessor, notwithstanding the deed which she had executed ; the legal effect of which, was give to the plaintiffs lessor the right of possession, but in defiance of which right, she maintained and continued her possession. It would, consequently, seem that this possession was adverse. In
 
 Johnson
 
 v. Farlow, 13 Ired. rep. 84, it is said, if the vendor had obtained color of title after the execution of the deed, and continued possession under the new title, thus acquired, for seven years, it would have thereby been ripened into a valid title against the vendee. However this may be, our case goes further, for Sarah "Wilkie, while in possession, (in 1843,) executes a deed to the defendant, under which he enters and holds possession for more than seven years. He had color of title, and his possession was adverse, for he was, during all that time? exposed to the action of the lessor of the plaintiff. This is the
 
 true test
 
 of what constitutes adverse possession, and the ■rule of law is, where one holds possession and
 
 exposes himself to an
 
 action, for twenty years, without color of title, or for seven years, with color of title, as between individuals, and supposing the land to have been granted, so as to oust the State, he thereby acquires a good title, and it is held in
 
 Langston
 
 v.
 
 McKinnie,
 
 2 Murph. Rep. 67, that th
 
 a fact
 
 that the color of title is derived from the person under whom the opposing party claims, does not take the case out of the operation of the rule.
 

 "We consider these authorities, and the “reason of the thing” conclusive against the opinion of his Honor. But we will add, in accordance with the argument of the defendant’s counsel, that the analogies of the law all tend to the same result; for instance : A óliild holding a slave by a parol gift, cannot by words, or by a mere act of his own, make his possession adverse to that of his father; but if the child makes an absolute conveyance of the slave to a
 
 third
 
 person, and he holds under that title for more than three years, he is protected; for the reason that, during all that time, he was exposed to the action of the father.
 

 Per CueiaM. Judgment reversed and a
 
 venire de novo.