M. M. MURRAY v. HENRY S. SPENCER.

*Trespass— Costs.*

In an action of trespass to real property, where the plaintiff's title and the fact of trespass are both put in issue by the defendant's answer, and the jury find the issue as to the title in favor of the plaintiff, and the issue as to the trespass in favor of defendant, the defendant is entitled to judgment for costs. To entitle the plaintiff to recover costs, both issues must be found in his favor.

(*Clarke* v. *Wagner*, 78 N. C., 367, cited and approved).

CIVIL ACTION tried at Spring Term, 1884, of the Superior Court of HYDE county, before *Gudger, Judge.*

Judgment for plaintiff for cost.   Appeal by defendant.

*Mr. Geo. H. Brown, Jr.,* for plaintiff.
*Messrs. L. C. Latham* and *Pace & Holding* for defendant.

ASHE, J.   This was a civil action, tried before his Honor, Gudger, Judge, at Spring Term, 1884, of the Superior Court of Hyde county.   The plaintiff complained that the defendant broke and entered a certain close of the said plaintiff described in the complaint, and cut and carried away trees and timber of the plaintiff's, and concealed and disposed of the same to his own use.

The defendant, for answer to the complaint, said, "That he denies the allegation thereof and says that he is not guilty of the trespass so complained of, or any of them."   The "case" stated that two issues were submitted to the jury, but they are not set out in the case or record.

We must assume from the statement of the case that the issues submitted were, (1) did the plaintiff have title to the land described in the complaint, and (2) did the defendant commit the trespasses complained of.   The jury found the first issue in favor

of the plaintiff, to-wit: That the title to the land is in the plaintiff; and the second issue in favor of the defendant, to-wit: That the defendant did not commit the trespasses.

Upon this finding of the jury, the Court rendered judgment as follows: "This case coming on to be heard, and the jury having returned a verdict, which is recorded, and having declared upon the two issues submitted that the plaintiffs are the owners of the land in controversy and have title thereto, and, secondly, that the defendant did not trespass thereon; and it appearing to the court, and is so found as a fact, that the defendant put the title of the plaintiff in issue upon the trial, and further, that the defendant claimed the land in question upon the trial himself, and that costs were incurred upon that issue, it is ordered that the plaintiffs recover of the defendant and his bond the costs of proving the title to the land, and that the defendant recover of the plaintiff and his bond the costs upon the issue as to the trespass."

There is manifest error in the judgment of the court below. By section 525 of *The Code* it is provided that "Costs shall be allowed of course to the plaintiff upon a recovery in the following cases:

1st. In an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question on the trial; and, by section 526, costs shall be allowed of course to the defendants in the actions mentioned in the preceding section, unless the plaintiff be entitled to costs therein.

In *Clarke* v. *Wagner*, 78 N. C., 367, which was an action to recover land, when the verdict of the jury established the title of the plaintiff to the land in dispute, but did not find any wrongful act done by the defendant to the land to which the title is thus established, it was held that the plaintiff was not entitled to recover damages or costs. That to enable him to do so, both allegations must be sustained.

HILLIARD & CO. v. OUTLAW.

This decision is directly in point and is so decisive of this case that it is needless to cite any other authority.

There is error. The judgment of the Superior Court is reversed, and this must be certified to the Superior Court of Hyde county, that the judgment of that court may be modified in accordance with this opinion. The plaintiff will pay the costs of this appeal.

Error.                                          Reversed.