GEO. HARRIS and wife v. WILLIAM SNEEDEN et al.

*Damages—Costs—Pleading—Trespass—Possession.*

1. Under the present system of pleading a demand for specific relief is immaterial, it being the duty of the Court to grant such relief as the pleadings and facts, proved or admitted, may demand.

2. Where the cause of action is defectively stated in the complaint, it may be aided by the facts alleged in the answer.

3. A formal prayer for relief is not now essential; the Court will render such judgment as the *facts*, proved or admitted, demand, not inconsistent with the pleadings, notwithstanding the party may have misconceived his remedy.

4. In an action for trespass upon land the plaintiff, not in actual possession, must prove title to the premises when, no adverse possession being shown, the title draws to it the constructive possession, but possession alone will support an action for forcible trespass—in such case the burden is on plaintiff to show actual possession.

104—24

This was a CIVIL ACTION, tried at September Term, 1889, of the Superior Court of NEW HANOVER County, before *Bynum, J.*

In order to a clear and proper understanding of what is alleged in the complaint, and either denied or admitted in the answer, enough of the complaint and answer is given below to set out the facts.

It was admitted that plaintiffs were husband and wife.

The plaintiffs alleged—

"2. That the plaintiff *Julia O. Harris is the owner of,* and she, or the plaintiff George, has been, *for about seventeen years, in possession of a certain tract* of land in New Hanover County, described as follows: An island in the sound, eastward of Wrightsville village, formerly known as the Sneeden Island, or Hammocks, which island is bounded on the east by the main, or banks, channel; on the south by Wrightsville channel, on the west by Raccoon channel, and on the north by the channel which runs from Wrightsville Inlet westwardly towards the main land."

The defendants denied the second allegation of the complaint to be true, and, on the contrary, they asserted that the defendant William H. Sneeden, in behalf of himself and other heirs of Stephen Sneeden, deceased, since the death of the said Stephen Sneeden, "have *always claimed* and *had* the *title to, and rights of, possession of said property known as the Sneeden Hammocks, and more particularly set forth and described in the second allegation of the complaint;* and, while they never lived upon said property, because, by reason of its nature and situation, it is not habitable for any length of time without danger to health, *yet they have been in the actual possession of, and exercised such rights of ownership over said property as it was capable of,* to-wit, have used it for a fishery, have fed their hogs and cattle upon it, cut wood upon it, and exercised other rights of ownership over it, among which they have permitted others to use the property, and have rented it to persons to cut timber upon; and such possession,

during all these years, has never been disturbed until the Sheriff of New Hanover County arrested the defendants and placed them in jail."

Plaintiff Julia O. Harris claims title through various *mesne* conveyances under Stephen Sneeden. Defendant claimed as heir of Stephen Sneeden and denied plaintiffs' title.

Plaintiffs say that the land was conveyed to John A. Sanders in 1857, by Stephen Sneeden, and that, in 1859, it was conveyed to one Sanders by E. D. Hall, Sheriff, by deed under execution, and that he took possession and held until 1870, since which time plaintiffs and their agents and their tenants have been in absolute and undisputed possession and ownership.

Defendants deny the above allegation, and say that Sanders never was in possession, or even owned, or treated the the land as his own. They deny that Stephen Sneeden ever acknowledged such possession or ownership. They say that Stephen Sneeden died, owning and possessing said property, and, at his decease, it descended to his heirs at law, who are the defendants. They deny that plaintiffs, or any one for them, ever owned, or took possession of the land, until they (defendants) were forcibly ejected by Sheriff in this action. They deny "any trespass" by them, and allege themselves to have been in lawful possession. They deny, also, any slander of title, or wrongful or malicious acts respecting the lands.

The plaintiffs further alleged:

" 10. That recently there has been much public discussion as to the probability of a railroad being built to the island and beach above mentioned, and as to the increased value of the lands in consequence of such improvements, and plaintiffs were offered good prices for their land, and about the middle of August last had almost closed a contract for the sale of a part of the island and beach, when, to their great surprise, and great pecuniary loss, they ascertained

and now allege, *that defendants*, with strong hand, *entered upon their premises, the island aforesaid,* and circulated threats, far and near, that they would shoot any person who attempted to enter the premises, save by their license, and exhibited their shot-guns and other evidences of murderous purposes, and *proceeded to erect a building on the land, placing it on a prominent point where it can be seen, and is seen, by a large number of people,* and the title of plaintiffs has been thereby grossly slandered, and they greatly damaged."

To which defendant answered:

"10. The defendants, answering the tenth article of the complaint, admit that there has been considerable public discussion as to the probability of a railroad being built to the island and beach above mentioned, but they deny the other allegations of this article of the complaint, and assert as follows: That, in the midst of this discussion, they learned, for the first time, that the plaintiff George Harris set up some claim, or pretence of claim, to the said Hammocks, and thereupon they consulted counsel, and, acting under his advice, *they proceeded to erect a small building upon the property, the said Hammocks, and to occupy the same,* without the least violence, or offer of violence, to any person, and without threats to any person, and *continued to occupy the same,* quietly and peaceably, permitting any one who wished to do so to come upon the island, among others plaintiffs' attorney, A. G. Ricaud, until unlawfully ejected by the Sheriff as aforesaid, under an arrest and bail proceeding in this cause."

The issues and responses to each were as follows:

1. Was the plaintiff, J. O. Harris, the owner of the premises under a good and sufficient title? Yes.

2. Was the plaintiff in possession of the premises at the time of the alleged trespass and speaking of the words charged as slander of title? Yes.

3. Did the defendant forcibly enter upon the possessions of the plaintiff? No.

4. Were the words spoken by the defendant false and malicious? No.

5. Was the entry made by defendant wantonly? No.

6. Has defendant slandered the title of plaintiff? No.

7. What damage has plaintiff sustained by the words and acts of defendant? None.

Before the Court settled the issues defendants' counsel argued to the Court that this was an action for slander and not trespass, while plaintiffs contended that it was both trespass *quare clausum fregit* and slander.

Court charged jury that they would find third issue in the negative unless they were satisfied plaintiffs had the *possessio pedis* or actual occupation at the time of defendant's entering on the premises; that if they found that plaintiffs only had such possession as the title draws, they would find this issue in the negative.

The plaintiffs moved on the verdict for judgment for nominal damages and for costs. This the Court refused and gave judgment as follows:

The jury having found the five last issues in favor of the defendants as herein appears:

It is now adjudged that this plaintiff take nothing by his writ, and that the defendant be allowed to go without day and recover his costs of the plaintiff.

After verdict plaintiff moved to amend the complaint by inserting the following additional clause:

"That the defendants unlawfully entered upon the said premises without leave of the plaintiffs, and took possession of the same, breaking the close of the plaintiffs, and thereby committing a trespass upon the same to the great damage of plaintiffs."

This amendment the Court refused to allow.

After motion for a new trial, which was refused by the Court, plaintiffs appealed from the judgment as rendered.

Appellant assigned for error:

1. The refusal to render judgment according to plaintiffs' motion.

2. The refusal to allow the amendment prayed for.

*Mr. S. C. Weill*, for the plaintiffs.
*Mr. T. W. Strange*, for the defendants.

AVERY, J.—after stating the facts: Issues are framed in order to enable a jury to determine disputes as to the material facts arising out of the denial in an answer of the allegations of a complaint. Every material allegation of the complaint, not controverted by the answer, shall, for the purpose of the action, be taken as true. *The Code*, § 268.

The facts upon which the judgment of the Court is predicated, are the findings of the jury, and the admissions, either direct or by failure to deny, made in the pleading. The plaintiffs moved the Court for judgment for nominal damages, because it was found by the jury that the *feme* plaintiff was the owner and was in possession of the premises at the time of the alleged trespass, and it was admitted in the answer, that, at the time when the defendants entered, they erected a small building and occupied it. The ownership, the constructive possession of the plaintiffs, and the acknowledgment by defendants of entering unlawfully, and building and living in a house on the land, would constitute a sufficient foundation for a judgment for nominal damages and costs in favor of the former, if the allegations of the complaint, aided by the answer, were sufficient to support the findings of fact.

It is conceded that the title and possession of plaintiffs were controverted by the answer, and the responses to the first and second issues were favorable to the plaintiffs. Did

the plaintiffs sufficiently allege that the defendants had committed a simple, as distinguished from a forcible, trespass?  If they did, or, if the language of the complaint is not véry clear—but the defendants have answered in such a way as to amount to a denial that their entry was unlawful because it was under a good title, though they admit actual entry without force—plaintiffs are entitled to the judgment demanded.  *Garrett* v. *Trotter*, 65 N. C., 430; *Knowles* v. *Railroad Co.*, 102 N. C., 66; *Johnson* v. *Finch*, 93 N. C., 205.

In *Knight* v. *Haughtalling*, 85 N. C., 17, Justice RUFFIN, for the Court, says: " We have not failed to observe that the answer of the defendants contains but a single prayer for relief, and that for a rescision of their contract.  But we understand, that, under *The Code* system, the demand for relief is made wholly immaterial, and that it is *the case made by the pleadings*, and *facts proved*, and not *the prayer* of the *party*, which determines the measure of relief to be administered, the only restriction being that the relief given must not be inconsistent with the pleadings and proofs.  In other words, the Court has adoptḙd the old equity practice, when granting relief under a general prayer, except that now *no general prayer need be expressed* but *is always implied.*"  In *Dempsey* v. *Rhodes*, 93 N. C., 128, the present Chief Justice, delivering the opinion, says: " Indeed, in the absence of any formal demand for judgment, the Court will grant such judgment, as the party may be entitled to have˘ consistent with the pleadings and proofs."

It is clear that the plaintiffs have alleged in paragraph ten of the complaint an unlawful entry and trespass, which is denied in the answer.  In order to make this appear distinctly, we can put in parenthesis, or omit, all surplusage in the material portions of paragraphs numbered ten of complaint and answer, and show that the addition of the language charging force merely qualifies the declaration for

simple trespass included in the complaint, and that defendants deny that they have trespassed with or without force.

The plaintiffs complain "that defendants entered upon their premises, the island aforesaid, * * * and proceeded to erect a building on the land." The defendants answer "that, in the midst of this discussion, they learned, for the first time, that the plaintiff George Harris set up some claim, or pretence of claim, to said Hammocks, and thereupon they consulted counsel, and, *acting under his advice, they proceeded to erect a small building upon their property*, the said Hammocks, and to *occupy the same*, * * * and continued to occupy the same * * * until *unlawfully ejected by the Sheriff, as aforesaid, under an arrest and bail proceeding in this cause.*" By the admission thus made, it not only appears that the plaintiffs have alleged a simple trespass, but the defendants interpreted the paragraph (10) of the complaint to charge them with an unlawful entry upon land in the constructive possession of plaintiffs. Hence, defendants did not, in their answer, content themselves with denying that plaintiffs had the *actual possession*, but confessed the entry without force, and justified it under title in the defendant Sneeden. True, they deny that the entry was accompanied by any force, threats or demonstration of force, and, if they had simply added an averment that the plaintiffs were not in the actual possession, it would have demonstrated the fact that they understood the declaration of the cause of action to be in the nature of forcible trespass. But, when the defendants, after having denied the title of the plaintiffs and controverted their rights under particular conveyances in previous paragraphs of their answer, averred in paragraph ten that they entered, peaceably, in pursuance of the advice of counsel to assert *their own title*, and *erected* and *occupied a house* on the land, they acknowledged the entry and attempted to avoid the claim of constructive possession by setting up title in themselves, which, they were advised, was good.

The doctrine of aider would, therefore, apply, even if it is not perfectly clear that the plaintiffs meant to charge a simple trespass. *Knowles* v. *Railroad Co., supra; Garrett* v. *Trotter, supra; Johnson* v. *Finch, supra.*

In simple trespass, the plaintiffs, where not in actual possession, must show a good title to the premises in dispute, and the legal title, when shown, will draw to it the possession, if there is no adverse possession. *London* v. *Bear,* 84 N. C., 266; *McCormick* v. *Moore,* 1 Jones, 16; *Cahoon* v. *Simmons,* 7 Ind., 189. On the other hand, possession alone will support, and actual possession must be shown to maintain an action for forcible trespass. *Patterson* v. *Bodenhammer,* 11 Ind., 4. The plaintiffs, if they had intended to declare for forcible trespass, would have been content to claim that they were in the actual possession of the land when the alleged entry was made with force and threats, &c., but, in setting out their claim of title, they evinced a purpose, evidently understood by the defendants, to prove and rely on constructive, if they could not show actual, possession.

But if the plaintiffs did not understand what was the appropriate relief to which the facts alleged, if proven, would entitle them until after verdict, it does not impair their right to such judgment as the facts found and admitted would warrant the Court in rendering. In *Patrick* v. *R. R. Co.,* 93 N. C., 426, the late Chief Justice SMITH, for the Court, says, as to the holding of the Court below: "These rulings seemed to be a very strict enforcement of the former and superadded principles of pleading, and to ignore the adjudication made in *Jones* v. *Mial,* 82 N. C., 252, and subsequent supporting cases, which declare a plaintiff *entitled to such relief as the facts stated in the complaint will admit, while he may misconceive* the way in which *it is to be afforded."* In *Moore* v. *Nowell,* 94 N. C., 265, this Court held that it was not error where a plaintiff stated more than one cause of action in one paragraph, and that, if the allegations

of a complaint indicated the proper judgment, the Court would grant it "*without regard to an inappropriate demand for judgment, or in the absence of any formal demand.*"

The argument against the right of plaintiffs to judgment for nominal damages proceeds upon the idea that a plaintiff cannot recover in an action for possession of land where title and possession are not shown to be in himself, and that no issue involving the question of simple trespass was submitted. Out of the abundance of caution the plaintiffs moved the Court to be allowed to amend, so as to state more clearly and separately, that defendants had unlawfully entered, breaking plaintiffs' close. They had already demanded damage and costs as their relief. The defendants denied, and put the plaintiffs to the trouble and expense of proving title in themselves, and the possession that a perfect title draws, while they charge, and the defendants acknowledge, that the latter entered upon the lands so held in the possession of the former, and built a house and occupied it.

It is not denied that a simple trespass is thus conclusively shown. But it is contended for the defendants that it is not alleged in the complaint, because the plaintiffs say, not only that defendants unlawfully entered upon their close, but their entry was accompanied with force, and that they have slandered the title of the plaintiffs. To sustain this view would lead us backward towards the technical distinctions and formalities of the old pleading, where the law has declared the forms of action shall be abolished.

We think, therefore, that his Honor erred in refusing to give judgment in favor of plaintiffs for nominal damages.

Error.