H. W. MOORE v. J. P. ANGEL.

*Action for Trespass—Claim of Title by Defendant— Failure to Disclaim Title—Costs.*

1. While the failure of the defendant in an action in trespass, in ejectment or *quare clausum fregit* does not deprive him of the benefit of proving a better title to a part of the land in dispute in himself, or out of the plaintiff, yet he must submit to a judgment declaratory of the right of his adversary to the land as to which the plaintiff has been compelled to show title and prove the trespass.

2. Where, in an action in trespass, the defendant failed to disclaim title to all the land declared for by plaintiff, but recovered according to the boundaries set up in his answer, with a greater amount for damages on his counter-claim than was allowed plaintiff, plaintiff is nevertheless entitled to costs.

This was an ACTION of trespass, tried at Fall Term, 1894, of MACON Superior Court, before *Shuford, J.* The pleadings were in the usual form and the amended complaint charges the defendant with trespass, and the amended answer charges the plaintiff with trespass. The usual issues were framed and submitted to the jury. The jury having found the same in favor of the plaintiff, the following judgment was rendered:

" This cause coming on to be heard upon the complaint and the answer ( the defendant in his answer having set up a counter-claim against the plaintiff ), and the jury for their verdict having found the following issues:

" 1. Is the plaintiff the owner of the land described in the complaint? Ans. Yes; except so much thereof as falls North of the red line on the map.

" 2. Did defendant unlawfully enter upon the land or any part thereof, and remove fencing and timber from the same? Ans. Yes.

" 3. Was plaintiff in possession of the land at the time of said entry ? Ans. Yes.

" 4. What damage has plaintiff sustained by reason of such wrongful entry by defendant ? Ans. $4.

" 5. Is defendant the owner of the land described in his answer ? Ans. Yes ; that is, all the land North of the red line.

" 6. Did plaintiff unlawfully enter upon the land described in defendant's answer or any part thereof, and cut and remove timber therefrom ? Ans. Yes.

" 7. Was defendant in possession of the land at the time of said entry ? Ans. Yes.

" 8. What damage has defendant sustained by reason of such wrongful entry by plaintiff ? Ans. $5.

" Where is the plaintiff's line as represented on the plot ? Ans. The black line ; and he is the owner of all the land South of said line, except so much thereof as would fall North of the red line on the plot.

" 10. Where is defendant's line as represented on the plot ? Ans. The red line.

" It is therefore adjudged by the Court that the plaintiff is the owner of the land as found by the jury, and that the defendant is the owner of the land as found by the jury. It is further adjudged that the defendant have and recover of the plaintiff the sum of one dollar, being the difference found by the jury as damages for the plaintiff and defendant ; and it appearing to the Court that defendant by his answer put the title of plaintiff for the land recovered by plaintiff in issue, the defendant having on the trial claimed said land and brought plaintiff's title thereto in question ( which is hereby certified by the Court ), it is adjudged that defendant pay all cost of the action."

The defendant excepted to the judgment of the Court

taxing him with the costs of the action upon the finding of the issues by the jury.

*Mr. J. F. Ray*, for defendant (appellant).
No counsel, *contra*.

AVERY, J.: In his complaint the plaintiff alleged that he held title and possession of a certain tract of land, which he described by metes and bounds, and charged that defendant had trespassed upon it. The defendant denied all these allegations and set up, by way of counter-claim, that he was the owner and was in the possession of a specified tract of land, a part of which was embraced in the boundaries of that described in the complaint. In order to support an action for simple trespass, a plaintiff must show, where any person is holding adversely, actual possession, but in the absence of adverse occupation the constructive possession, which proof of title draws to him, is sufficient. *Harris* v. *Sneeden*, 104 N. C., 369; *Cahoon* v. *Simmons*, 7 Ired., 189; *Carson* v. *Blount*, 2 Dev. & Bat., 546. If the defendant had disclaimed title to all of the boundary declared for in the complaint, to which he did not ultimately show a better right than the plaintiff, the burden would have rested upon the latter only to prove the amount of damage that he was entitled to recover. But the issue of title to the whole tract being raised, the plaintiff proved to the satisfaction of the jury that he was the owner, and in contemplation of law in possession of a portion of the land declared for, on which the defendant had trespassed. The title being put in issue, whether by trespass in ejectment or trespass *quare clausum*, it was proper that the findings of the jury as to the portions of the land to which each of the parties had shown title, should be specific, and the necessity for such findings was only intensified by the fact that a counter-

claim for trespass on the part of the plaintiff had been set up in the answer. But leaving out of view every other aspect of the case, the findings that he was the owner of certain land and that the defendant was a trespasser, entitled the plaintiff, by virtue of his having sustained the original allegations of his own right and the defendant's wrong, as the prevailing party, to judgment that he was the owner of the portion to which he had shown title with at least nominal damages and costs. While the failure of the defendant to enter a disclaimer neither in trespass in ejectment nor in trespass *quare clausum fregit* deprives him of the benefit of proving a better title to a part of the land in dispute in himself, or out of the plaintiff, he must nevertheless submit to a judgment declaratory of the right of his adversary to the land as to which the plaintiff has been compelled to show the title and prove the trespass. *Cowles* v. *Ferguson*, 90 N. C., 308 ; *Harris* v. *Sneeden, supra* ; *Murray* v. *Spencer*, 92 N. C., 264. This was a case within the meaning of Section 525 of *The Code*, wherein "a claim of title to real property arose in the pleadings," and the plaintiff, if the issue based thereon was found in his favor, was entitled to judgment declaratory of his title and for nominal damages, if none had been assessed, with costs. The statute in this respect is in affirmance of the principle established before its enactment. It is true that where an action is brought to enforce a contract and the jury find that the plaintiff is indebted to the defendant in a sum exceeding what is due from him to the plaintiff, judgment may be given for the excess, and carries with it the incidental right to recover costs. *Garrett* v. *Love*, 89 N. C., 206 ; *Hurst* v. *Everett*, 91 N. C., 399. But the rule established in such cases does not abrogate the other express provisions of the statute applicable where the title to real estate is put in issue. The ruling of the Court was in

accordance with law, as we have stated it to be. If the defendant had disclaimed title to all the land declared for, except that for which he proved his right, no issue as to the plaintiff's title would have been raised, and the findings that the defendant's title, disputed by plaintiff, was good and that the defendant had sustained greater damage than his adversary, upon both necessarily, perhaps on either, the defendant would have recovered costs.

Whether this is a case in which the question of costs is the main point, as in *Futrell* v. *Deans*, at this Term, or is merely incidental to an appeal which involves the validity of the judgment, as in *Hobson* v. *Buchanan*, 96 N. C., 444, the practical result would be the same. Whether the judgment be affirmed or the appeal dismissed, the defendant would be liable for costs here. We adjudge that the plaintiff recover costs of the appeal. Judgment against the appellant for costs.