VANDERBILT v. JOHNSON.

(Filed May 16, 1906).

*Wills — Defective Probates Cured — Ejectment — Adverse Possession—Evidence—Costs.*

1.  Chapter 52, Private Laws 1885, enacted to cure the defects in the probate of the will of John Strother is valid and effectual, no vested rights intervening.

2.  Evidence that the father of defendant and his son built a house and fenced in a part of a tract of 50 acres, sowed grass on two acres of it, enclosed another lot and that they have been in possession of this house and clearing under the grant ever since it was issued; that they occupied and used the house and enclosed land as well as the remainder of the 50 acres every year, winter, spring and summer, while attending to their cattle, hogs, sheep and goats; that others used the house and enclosure by their permission while grazing in the same range; that they gave in the land for taxation and paid taxes on it, is sufficient evidence of adverse possession.

3. In an action of ejectment the court erred in giving judgment against the plaintiff for any part of the costs where the plaintiff recovered two tracts of the land to which the defendants set up title.

ACTION by George W. Vanderbilt against D. L. Johnson and others, heard by *Judge W. B. Councill,* at the Spring Term, 1906, of the Superior Court of HENDERSON.

The plaintiff brought this and another action to try the title to property described in his complaints. The complaints contained the usual allegations in such cases and the answers denied them. By consent, the cases were consolidated and referred. The referee made his report of the evidence and his findings of fact and conclusions of law. Exceptions to the report, so far as it affected the case of the plaintiff against Johnson, were filed by both sides. On the hearing of the case by the judge upon the report and exceptions, the exceptions were all overruled and the report confirmed. The judge then undertook to apportion the costs, and the plaintiff excepted to the judgment confirming the report and also to the disposition made of the costs. The plaintiff appealed.

*Merrimon & Merrimon* for the plaintiff.
*Smith & Schenck* for the defendant.

BROWN, J. The plaintiff claims title under a grant to David Allison, November 29, 1796, and connected himself with this grant by a chain of mesne conveyances, all of which cover the land in dispute. In deraigning his title, the plaintiff offered in evidence the will of John Strother, dated November 22, 1816. The will is attested by two witnesses, but was admitted to probate in Tennessee upon the testimony of one only. The General Assembly of North Carolina at its session of 1885 enacted an act to cure the defects in the probate of this will, and to ratify and validate the orders of the probate courts of this State in regard thereto.

Private Laws 1885, ch. 52. The referee held that the act "has not the effect to cure and make valid the probate of said will." In this we think there is error. We are of opinion that the act is valid and effectual for the purpose for which it was enacted. The reasons for the passage of the act are set out in the preamble and show the great importance of the measure to very many citizens of our State.

The defendants do not claim under a deed executed by the heirs at law of John Strother, before the passage of the act, and therefore no vested right intervenes. Legislation validating the probate of deeds, curing defects in privy examinations of married women and the like, has been very common in this State, and has been uniformly upheld. *Gordon v. Collett,* 107 N. C., 346; *Tatom v. White,* 95 N. C., 453, and cases cited therein. We see no reason for declaring the act invalid.

2. While holding the act void, the referee nevertheless held that the plaintiff had made out a perfect title by color and adverse possession to all the lands described in the complaint, except the 50 acre tract described in the grant, dated June 17, 1873, from the State to W. F. Johnson and others, under whom the defendant claims. In respect to such grant, the referee finds as a conclusion of law that said grant is color of title, and that W. F. Johnson and those claiming under him have been in the actual adverse possession under known and visible lines and boundaries for more than seven years prior to the commencement of this action. The plaintiff contests the correctness of this ruling upon the ground that the evidence of possession is insufficient. The evidence tends to prove that W. F. Johnson, father of the defendant, D. L. Johnson, and his said son, built a house, and fenced in a part of this tract, sowed grass on two acres of it; enclosed another lot for salting stock, and that they have been in possession of this house and clearing under the grant ever since it was issued; that they occupied and used the house and enclosed

land as well as the remainder of the 50 acres every year, winter, spring and summer, while attending to their cattle, hogs, sheep and goats; that others used the house and enclosure by their permission while grazing in the same range; that they gave in the land for taxation and paid taxes on it. An examination of. the evidence fully sustains the findings of fact made by the referee, and discloses a character of possession which exposed the defendants to an action of ejectment at any time for more than seven years before suit brought. *Reynolds v. Cathens,* 50 N. C., 439; *Shaffer v. Gaynor,* 117 N. C., 21.

The weight to be given to the statement of one of the witnesses, "that the defendants were in possession of the land," standing alone and unqualified by any testimony as to acts of possession, is commented on and decided in *Bryan v. Spivey,* in a well considered opinion by *Justice Shepherd,* 109 N. C., 68. In this case, however, the acts of possession are so abundant and so continuous as to indicate that the witness was correct in his conclusion instead of erroneous, as in *Cox v. Ward,* 107 N. C., 513, relied on by the plaintiff.

The court erred in giving judgment against the plaintiff for any part of the costs, as the plaintiff recovered two tracts of the land to which the defendants set up title. *Moore v. Angel,* 116 N. C., 843; *Ferrabow v. Green,* 110 N. C., 414; *Horton v. Horne,* 99 N. C., 219; *Field v. Wheeler,* 120 N. C., 264.

The judgment of the Superior Court is modified in respect to costs. The plaintiff is entitled to recover all the costs of that court. With this modification the judgment of the court below is

Affirmed.