W. L. BRYAN et al. v. J. R. HODGES et al.

(Filed 8 December, 1909.)

1. Ejectment—Lands—Title—Common Source—Estoppel—Burden of Proof.

An action of ejectment, under our present procedure, is an action to recover land, placing the burden upon plaintiff to establish title in himself good against the world, or good against the defendant by estoppel, or to show a common source of title with the defendant so as to bring himself within the rule of convenience, sometimes called an estoppel.

2. Ejectment—Lands—Title—Questions for Jury—Instructions.

An instruction which erroneously assumes that plaintiff has established his title in an action of ejectment, when the issue in the case is one of mixed law and fact to be found by the jury, under instructions of the court, is properly refused.

3. Ejectment—Title—Defendant's Denial—Verdict—Costs.

In an action of ejectment the jury found the issue as to title in plaintiff's favor, except as to a small tract of land, and, also, that they were not entitled to recover damages. *Held*, that as defendants denied plaintiff's title and right of possession to the entire tract it was error for the trial court to refuse plaintiff's motion to tax them with the costs, their disclaimer not being broad enough.

APPEAL by plaintiff from *Murphey, J.,* Fall Term, 1909, of WATAUGA.

The facts are stated in the opinion of the Court.

*J. C. Fletcher, F. A. Linney* and *L. D. Lowe* for plaintiff.
*Mark Squires* for defendant.

WALKER, J. The plaintiffs, as tenants in common, brought this action to recover a tract of land in Watauga County, containing 420 acres. The defendants denied the plaintiffs' title to the land described in the complaint, except two tracts, or "boundaries," as they are called by the defendants, containing together something more than forty acres, the metes and bounds of which are set forth in the answer. The defendant entered no disclaimer as to the rest of the land, consisting of many acres.

The court submitted issues, which, with the answers thereto, are as follows:

1. "Are the plaintiffs, or either of them, the owners of and entitled to the possession of the land described in the complaint, or any part thereof?" Answer: "Yes; the plaintiffs are the owners and entitled to the possession of all the lands described in the complaint, except that 100-acre tract claimed by defend-

ant, as shown on plat by red lines; and the lines of the plaintiffs should run with the lines of Hodges and Hartley, as shown on plat by purple line and dotted red lines."

2. "What damages are the plaintiffs entitled to recover, if any?"   Answer: "None."

The plaintiffs' counsel, upon the rendition of the verdict, requested the court, in due form and apt time, to tax the defendant with the costs.   This motion was denied, and the plaintiffs excepted.

The plaintiffs requested the court to give three special instructions.   The court gave the first and third of these instructions and refused to give the second, which was as follows:

"The burden is upon the defendant to locate the grant under which he claims title, and it is the duty of the defendant to locate his beginning corner by a preponderance of the evidence; and unless you find from the evidence that the defendant has established the pine as his beginning corner, then he must begin at some known corner of the tract to establish and locate his grant."

We discover no error in the refusal of the court to give this instruction.   If it was not substantially given by the court in the third of the special instructions which were requested by the plaintiffs, we think the court properly rejected it.   The plaintiffs must remember that in an action of ejectment—now, under our present procedure, an action to recover land—the burden rests upon the plaintiff to establish a title in himself to the land, good against the world, or, at least, good against the defendant by estoppel, or by what we sometimes call an estoppel, though not strictly so, as it is a mere rule of practice or convenience by which the defendant is precluded from denying the plaintiff's title, because both claim from a common source and the plaintiff has the older title of the two, and when it is apparent that both parties acted in recognition of the common predecessor, in their chains of title, as being vested with the true title.   *Christenbury v. King,* 85 N. C., 230; *Fisher v. Mining Co.,* 94 N. C., 397; *McCoy v. Lumber Co.,* 149 N. C., 1; *Sample v. Lumber Co.,* 150 N. C., 161.   As in this case, the burden was on the plaintiffs to show title, the second of the instructions asked by the plaintiffs to be given assumed that the plaintiffs had conclusively shown a good title, when that was a matter still open for the jury to pass upon, it being one of the issues in the case and a mixed question of law and fact.

But we are of the opinion that the judge erred upon the question of costs.   As the defendants denied the title of the plaintiffs, and the right of possession of the plaintiffs to the entire tract,

they were necessarily required to prove their title and incur the costs and expense of so doing, and, under the able and clearly expressed opinion of *Justice Avery,* speaking for the Court, in *Moore v. Angel,* 116 N. C., 843, the plaintiffs were entitled to a judgment for their costs. *Cowles v. Ferguson,* 90 N. C., 308; *Harris v. Sneeden,* 104 N. C., 369; *Murray v. Spencer,* 92 N. C., 264; Revisal, sec. 1264. In not ruling in favor of the plaintiff upon the question.of costs, the court erred, and to this extent the judgment is modified. In all other respects it is affirmed, as we do not find any reversible error in any of the other rulings, after a most careful examination of the record and the brief of the plaintiffs' counsel, and a full consideration of the case.

Modified and affirmed.