MARY IDA SWAIN ET AL. v. DAVIS CLEMMONS ET AL.

(Filed 27 March, 1918.)

1. **Costs—Lands—Title—Disclaimer.**

A defendant in an action concerning land should enter a disclaimer if he does not claim the land in controversy, or does not intend to litigate with the plaintiff, in order to escape the payment of costs.

2. **Costs—Lands—Title—Part Recovery—Admissions on Trial.**

Where the pleadings raise the issue of title or right of possession of the parties, and the plaintiff recovers a part of the land, he is entitled to his cost of the defendant; and this applies to the adjudication of the question of title alone (Revisal, sec. 1264); and where the plaintiff has been required to introduce evidence of his title to the whole of the *locus in quo*, and then defendant consents that the court charge the jury to find for the plaintiff if they believe the evidence as to a certain part, and the issue is found for the defendant as to the remaining land, the costs of the action are properly awarded against the defendant.

ALLEN, J., dissents.

CIVIL ACTION, tried before *Bond, J.*, and a jury, at Spring Term, 1918, of BRUNSWICK.

This is an action for the recovery of land, and was before us at a former term, being reported in 172 N. C., 277, where the facts will be found, together with an explanation of the controversy.

The plaintiffs alleged in their complaint that they were owners of the Burns tract (described by metes and bounds) and entitled to the possession thereof. This was denied in the answer. Plaintiffs then alleged, in the second section, that defendants were in possession of a part of the said land known as the "Island Tract." This also was denied by defendants. The court, without objection, as appears from this record, submitted the following issues to the jury, which, with the answers of the jury thereto, are as follows:

1. Are the plaintiffs owners and entitled to the possession of the tract of land described in the complaint known as the Burns Tract? Answer: "Yes."

2. Is the island in controversy, shown on the map between North Run and South Run, a part of said Burns Tract described in the complaint? Answer: "No."

3. If said island is not a part of the Burns Tract described in the complaint, have plaintiffs acquired title to said island by adverse possession? Answer: "No."

4. Did defendants authorize the removal of timber from said island by the Wacamaw Shingle Company? Answer: "Yes."

5. What damages, if any, are plaintiffs entitled to recover of defendants? Answer: "Not any."

And thereupon the court entered the following judgment:

"This cause coming on to be heard before Bond, judge presiding, and a jury, and it appearing that after the plaintiffs had introduced a number of witnesses tending to show possession under color of title for more than twenty-one years of the land described in the complaint, outside the piece called the island, the defendants then admitted to the. court that they had no objection to the court charging the jury that if they believed the evidence in the case they should answer the first issue 'Yes,' which involved the title to all the land in controversy except the island, but which said issue did not include any part of the island, which was done, and the cause proceeded thereafter to its conclusion, the verdict being returned as appears of record. The court being of the opinion, considering the state of the pleadings and the time the admission was made, that as the result of the verdict the plaintiff would be entitled to a judgment that they recover the costs of this action. Upon consideration thereof, the court adjudged that the plaintiffs, Mrs. Ida Swain and others, according to their respective interests, together own in fee simple the tract of land described in the complaint, known as the Burns Tract, shown on the map used on trial of this case, a copy of which is to be attached to and filed as a part of this judgment.

"It is further adjudged that the plaintiffs own no interest in any of the lands called the island, being bounded by the North Run on one side and by the South Run on the other, and located in the northeastwardly part of the said plot; the northeastwardly boundary of the lands which is adjudged to be the property of the plaintiffs is the southern one of the two runs, one marked on map North Run and the other marked the South Run.

"It is further adjudged that the plaintiffs recover of the defendants no damage.

"It is further adjudged that the plaintiffs recover of the defendants and sureties to the defense bond the costs of this action to be taxed by the clerk of the court."

To that part of the judgment which taxed the defendants with the costs of this action, or any part thereof, the defendants excepted and appealed.

16—175

*C. Ed. Taylor and Robert Ruark for plaintiffs.*
*Cranmer & Davis for defendants.*

WALKER, J., after stating the case: The issues between parties to an action are raised by the pleadings. If a defendant is sued for the recovery of land, a part of which he does not claim or about which he does not intend to litigate with the plaintiff, he should enter what is known as a disclaimer; and when he does so, he cannot be taxed with any costs relating to that part of the land; but when, instead of doing so, he takes issue with the plaintiff as to all of the land, and plaintiff recovers any part of it, he is entitled to recover his costs, although he may have failed to recover the other tract. And this rule applies, even though only a question as to the title, and not as to the right of possession, is raised as to the part which the plaintiff recovers. Revisal, sec. 1264, provides: "Costs shall be allowed, of course, to the plaintiff upon a recovery in an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial."

It will be noted that this statute is not confined to a recovery of real property—that is, of the title and possession—but it is sufficient that the plaintiff has recovered only to the extent of having the title adjudged to be in him, for the language is that when a claim of title to real property is involved, or is certified by the court to have come in question and plaintiff has succeeded in having a favorable decision upon his claim, he shall have his costs, and so have we decided in several cases.

"The statute (The Code, sec. 525, now Revisal, sec. 1264) prescribes that costs shall be allowed, of course, in favor of the plaintiff upon a recovery in an action for the recovery of real property, or when a claim to real property arises on the pleadings, or in an action to recover possession of personal property. But the defendant shall be allowed costs in such actions unless the plaintiff be entitled to costs therein. There is no provision that limits the allowance of costs in favor of the plaintiff in case of only a partial recovery in such action. The language of the statute as to them is comprehensive and without exceptive provision." *Wooten v. Walters,* 110 N. C., 251 (defendant's appeal, at p. 258).

"A case was within the meaning of section 525 of The Code, wherein 'a claim of title to real property arose in the pleadings,' and the plaintiff, if the issue based thereon was found in his favor, was entitled to judgment declaratory of his title, and for nominal damages, if none had been assessed, with costs. The statute in this respect is in affirmance of the principle established before its enactment." *Moore v. Angel,* 116

N. C., 843, 856. But the case of *Bryan v. Hodges,* 151 N. C., 413, would seem to be directly applicable. There the issues were:

1. Are the plaintiffs, or either of them, the owners of and entitled to the possession of the land described in the complaint, or any part thereof? Answer: "Yes, the plaintiffs are the owners and entitled to the possession of all the lands described in the complaint, except that 100-acre tract claimed by defendant, as shown on plat by red lines; and the lines of the plaintiffs should run with the lines of Hodges and Hartley, as shown on plat by purple line and dotted red lines."

2. What damages are the plaintiffs entitled to recover, if any? Answer: "None."

The plaintiffs' counsel, upon the rendition of the verdict, requested the court, in due form and apt time, to tax the defendant with the costs. This motion was denied, and the plaintiffs excepted.

This Court said on the appeal: "We are of opinion that the judge erred upon the question of costs. As the defendants denied the title of the plaintiffs and the right of possession of the plaintiffs to the *entire* tract, they were necessarily required to prove their title and incur the costs and expense of so doing, and under the able and clearly expressed opinion of *Justice Avery,* speaking for the Court in *Moore v. Angel,* 116 N. C., 843, the plaintiffs were entitled to a judgment for their costs. *Cowles v. Ferguson,* 90 N. C., 309; *Harris v. Sneeden,* 104 N. C., 369; *Murray v. Spencer,* 92 N. C., 264; Revisal, sec. 1264. In not ruling in favor of the plaintiff upon the question of costs, the court erred, and to this extent the judgment is modified." See, also, *Vanderbilt v. Johnson,* 141 N. C., 370.

In this case the plaintiffs were required to prove their title to the Burns Tract of land, or that part of it not embraced by the Island Tract. It will be observed that the defendants denied both plaintiffs' title and right of possession to the Burns Tract, and plaintiffs recovered judgment as to a part of that tract. This entitled them to their costs. It makes no difference that defendants, after some of the evidence was introduced, admitted plaintiffs' title and right of possession to all of the Burns Tract outside of the Island Tract. The admission came too late for the purpose of saving the costs. The plaintiffs had already incurred expense, and it would be manifestly unjust under the circumstances to deprive them of reimbursement for their outlay, even if the statute was not so explicit in allowing them to plaintiffs.

No error.