### IN RE ENTRY OF D. A. HURLEY.

(Filed 9 May, 1923.)

**State's Land—Entry—Protest—Statutes—Disclaimer in Part—Judgments —Costs.**

> The protestants, under the provisions of C. S., 7557, claimed the original entry, C. S., 7554, was not for the State's vacant and unappropriated lands, but that they were the owners of the entire tract. After the evidence had been introduced, the protestant disclaimed ownership of half of the *locus in quo*. There was no reversible error in the judgment in protestant's favor. (*Nelson v. Lineker*, 172 N. C., 279); but *held*, the enterer was entitled to judgment declaring the remainder of the lands covered by the entry to be vacant and unappropriated, and for costs. C. S., 1241.

APPEAL by enterer from *Finley, J.*, at December Term, 1922, of RANDOLPH.

This was a proceeding of protest under the entry laws, C. S., 7557; and from a judgment in favor of protestants, the enterer, or claimant, appealed.

*J. A. Spence for enterer.*
*Hammer & Moser and Brittain, Brittain & Brittain for protestants.*

STACY, J.   D. A. Hurley made entry to certain lands in Randolph County, under C. S., 7554, alleging the same to be vacant and unappropriated.   Two separate protests were filed by the heirs of Ransom Lucas, under C. S., 7557, claiming title to each and every part of the lands covered by the entry.   These protests were consolidated for the purpose of trial, and a survey of the lands was made under order of court.

On the hearing, and after the evidence was in, protestants orally entered a disclaimer to about one-half of the lands covered by the entry. Their evidence showed that they were the owners of the other part, and the jury so found.   With respect to the judgment entered in favor of protestants for the land which the jury found was covered by the deeds under which they claim, we have found no reversible error (*Nelson v. Lineker,* 172 N. C., 279) ; but we think the enterer was entitled to judgment declaring the remainder of the lands covered by his entry to be vacant and unappropriated, and for costs.   *Staley v. Staley,* 174 N. C., 640.   The protestants did not enter a disclaimer to the undisputed part of the land until after claimant had gone to the trouble and expense of preparing for trial and having his witnesses in court.   In fact, the disclaimer was not entered until after the evidence had been offered on the hearing.   This was too late to save the costs, which, under C. S., 1241, the enterer is entitled to recover.   *Swain v. Clemmons,* 175 N. C., 240; *Bryan v. Hodges,* 151 N. C., 413; *Moore v. Angel,* 116 N. C., 843.   As thus modified, the judgment will be affirmed.

Modified and affirmed.